# Charles KIPUROS
## vs.
## Anthony KOKORAS

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 24, 1980**

Charles Kipuros, pro se.
Nicholas J. Decoulos for the defendant.

Present: Cowdrey, P.J., Forte & Zoll*, JJ.

FORTE, J. This is an action by a tenant for damages, based upon an unlawful eviction, resulting from the landlord changing the locks on the premises. At the close of the evidence, the defendant-landlord claimed to be aggrieved by the court's rulings on six of eleven requests. However, the defendant has argued and briefed only the issue of damages. The Appellate Division need not pass upon questions or issues which are neither briefed nor argued. **Cole v. Cole, Mass. App. Div. Adv. Sh. (1978) 6**; Rule 64(f) of the Dist./Mun. Cts. R. Civ. P. Therefore the only requests and rulings thereon to be considered herein are:

"4. If the Court finds that the defendant evicted the plaintiff from the premises by the changing of the locks, then the damages to the plaintiff are limited to the difference between the rent that the plaintiff would have paid to the defendant and the rent the plaintiff would have had to pay to a third party for rental of a similar premises and then only for a period of one month; the unexpired term of the tenant's right to the premises.

"4. Denied — see findings of fact as to court's determination of damages incurred by the plaintiff.

"7. If the Court finds that the plaintiff was wrongfully evicted, then the only damage to which the plaintiff is entitled is the value of his interest in the tenancy at will, which does not exceed 30 days.

"7. Denied."

There was a stipulation by the parties that "there was a landlord and tenant relationship between the parties and the monthly rent was to be $225.00."

The report states:

"[A]t the trial there was evidence tending to show that the defendant changed the locks on the premises in December of 1976, and neither the plaintiff nor the defendant gave notice to terminate the tenancy. The only reason that the plaintiff attempted to get into the premises was to take some of his papers out of the premises. The premises were rented for the purpose of conducting an embossing machine business, and at the time that the landlord/tenant relationship was commenced the landlord was owed $450.00 for services expended by him in the installation of the embossing machine.

"There was no evidence showing the damages suffered by the plaintiff expecting the unlawful eviction of the plaintiff by the defendant, and the landlord/tenant relationship was that of a tenant at will."

The report also states that it contains all the evidence material to the question reported.

Both requests for rulings before this Division relate to damages. Request number 7 states that on an eviction, the measurement of damages is limited to the value of the tenancy at will, which is limited in time to thirty days. Request number 4 states that the damages are limited to the difference between what the plaintiff would have had to pay for similar premises and what he was obligated to pay for the premises in question, and then limited to thirty days as this was a tenancy at will. Both requests are incorrect statements of law, and the denials were not error.

Upon an eviction, the tenant is entitled to such damages as are directly the result from the wrong done to him. He can show the nature and extent of his business, the extent to which the business had been interrupted and the expense which he has been obliged to incur to reestablish his business in another location. **Kostopolos v. Pezzetti,** 207 Mass. 277 (1911).

Any question as to the sufficiency of the evidence to support the trial judge's finding is not before this Division because the defendant has failed to request a ruling on that issue. **Parker v. Levin,** 285 Mass. 125, 129 (1934).

The issue of the sufficiency of evidence is not open on appeal if no request for ruling on such question was submitted to the trial judge. **Mitchell V. Commonwealth,** Mass. App. Div. Adv. Sh. (1978) 37, 43; **Cole v. Cole,** Mass. App. Div.

Adv. Sh. (1978) 6, 8.

There being no error, the report is dismissed.