Vernon A. MARTIN, INC. & another[1]
vs.
Roger C. GLIDDEN

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**July 11, 1980**

---

[1]Alfred R. Worthen, doing business as Worthen and Company.

Theodore Regnante for the plaintiff.
Bertram W. Allen for the defendant.

Present: Cowdrey, P.J., Flynn* & Zoll, JJ.

COWDREY, P.J. This is a petition to establish the defendant's draft report.

The petition consists of two documents, the first of which is a six paragraph summary of lower court proceedings entitled "Draft Report." The first paragraph of said draft report states, "[t]his is a request for a report mailed to the clerk of the court January 26, 1979 and received for filing January 29, 1979." The second document, captioned "Statement of Facts," is little more than an additional procedural summary, the dates and items of which do not coincide with the docket entries.

The docket entries indicate that on May 31, 1979 "Findings and [an] Order" were entered, apparently in disposition of the defendant's draft report. The nature of this order is undisclosed. A handwritten notation on the face of the defendant's purported draft report, which is dated June 16, 1979 and which was signed by the trial justice, states that the defendant's draft report was disallowed as not conforming to the truth. Said notation also denied the accuracy and validity of the "Statement of Facts" and of paragraph III of the alleged draft report.

It is clear from the documents submitted by the defendant herein that the essential procedural requirements governing an appeal to this Division from an order of disallowance have not been satisfied. The defendant's petition must, therefore, be dismissed.

1. Rule 64(e) of the Dist./Mun. Cts. R. Civ. P. mandates that a petition include a copy of the draft report therein sought to be established. The defendant's "Draft Report" and "Statement of Facts" do not singly or in combination constitute a draft report within the purview of Rule 64. Said documents may be characterized as brief, procedural summaries which provide, in scarcely discernible greater detail, no more information than that which can be gleaned from the docket entries. Such procedural outlines do not qualify as draft reports. Meyer v. Hooker, 51 Mass. App. Dec. 142, 146-147 (1973). Moreover, even if the document entitled "Statement of Facts" amounted to what its caption signifies, it still would not necessarily satisfy

---

*The Honorable Maurice R. Flynn, Jr., participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

the requirements of Dist./Mun. Cts. R. Civ. P. 64. This Division is not obligated to attempt to construct a valid report of reviewable legal issues from such a superficial summary. **Sea Street Auto Body, Inc. v. Mullis,** 55 Mass. App. Dec. 142, 145 (1974).

The defendant's purported "draft report" not only fails to conform to the model set forth in Form 33, Dist./Mun. Cts. Civ. P. 64(c)(2), see **Tranfaglia v. Security Nat'l Bank,** 50 Mass. App. Dec. 85, 97 (1973); **Peabody Action Realty, Inc. v. Falkowski,** 50 Mass. App. Dec. 145, 149 (1973), but is also unrecognizable as a proper procedural vehicle for appeal to this Division. It is significant in this regard that the alleged draft report states in paragraph I that it is in fact simply a request for a report. The absence of a valid draft report is fatal to the defendant's petition to establish. **Carlsberg Printer's Inc. v. Shields,** 56 Mass. App. Dec. 131, 132 (1975); **Julius Tofias & Co. v. George,** 54 Mass. App. Dec. 31 (1974); **Connecticut Bank & Trust Co. v. Phaneuf,** 37 Mass. App. Dec. 196, 199 (1967).

2. Assuming arguendo that the documents at issue could be deemed to constitute a Rule 64 draft report and that the averments of the defendant's petition could be accepted as true, the nature and gravity of the defendant's allegations of trial court error would certainly warrant appellate review.[2] We are, however, unable to grant the relief or even provide the review which the defendant seeks given the critical deficiencies of the defendant's purported draft report. The defendant has charged error in the trial court's denial of his "Motion for Relief from Judgment of Contempt." Neither this motion nor the trial court's findings and rulings thereon are summarized in the text of, or attached to, the defendant's proposed draft report. Pleadings, motions, findings, rulings and "any other facts essential to a full understanding of the question presented" have not been set forth by the defendant as required by Dist./Mun. Cts. R. Civ. P. 64(c)(2). Thus as the defendant's purported draft report fails to incorporate all evidence necessary for a complete and accurate review by this Division, the defendant's petition must be denied. **Bynoe v. Massachusetts Port Auth.,** 46 Mass. App. Dec. 191, 193 (1971); **Pirolli v. Salvucci,** 30 Mass. App. Dec. 191, 193 (1966); **Bilange Coffee Shop, Inc. v. Soda Fountains, Inc.,** 20 Mass. App. Dec. 3, 8 (1960).

Petition denied.
Cowdrey, P.J.

---

[2] A judgment of contempt was entered after the defendant's default and the court's subsequent issuance of a capias warrant. The defendant was allegedly detained in the Essex County Jail for 1,142 days in consequence of these proceedings.