Glynn, J.
This is an action for rent brought by the plaintiff assignee against the defendant lessee. The assignee was treasurer of the Marco Realty Corp., lessor of the premises.
The defendant denied the claim and, among other defenses, pleaded an accord and satisfaction.
The report states that there was evidence of an assignment of the claim to the plaintiff Cohen. There was further testimony that the defendant, after the summary process action had been commenced, went to the office of the constable who had served the process and offered to settle the rent claim for $200. There was testimony that the constable called the plaintiff Cohen and relayed the defendant’s offer to settle the rent claim for $200 and to vacate the premises. The defendant further testified that as a result of this conversation and acceptance thereof, the defendant vacated the premises and on a later date paid the $200 which was accepted and deposited to the account of Marco Realty. The plaintiff Cohen and the constable denied this testimony.
After the presentation of evidence, the plaintiff filed seven requests for rulings of law. The plaintiff claims to be aggrieved by the court’s rulings on requests numbered 3,4, and 5.
Request #3 stated: “The defendant has failed to sustain his burden of proving that there has been an accord and satisfaction of the claim.” The trial court denied this request, finding that the defendant had proven an accord and satisfaction.
Request #4 stated that “a finding for the defendant is not warranted.” The court denied this request, holding that a finding for the defendant was warranted on the defense of accord and satisfaction.
Request #5 stated that “the evidence in its aspect most favorable to the defendant does not warrant a finding for the defendant.” This'request was denied.
There was testimony upon which the trial court was warranted in making its finding of an accord and satisfaction. The specific factual finding of an accord and satisfaction by the trial judge renders immaterial a request for a ruling as a matter of law. These requests for rulings were properly denied. Perry v. Hanover, 314 Mass. 167 (1943); Lydon v. Boston Elevated Railway, 309 Mass. 205 (1941).
The finding of fact based on evidence presented, made by the trial judge, is not a subject to review by this court. Bresnick v. Heath, 292 Mass. 293 (1935); Lariviere v. Boucher, 297 Mass. 27 (1937).
The report is hereby dismissed.