Tiffany, J.
The matter before this Division is a petition to establish defendant’s draft report which was disallowed without explanation by the trial justice.
*95 The action was originally for violation of the Consumers Protection Act, G.L. 93 A, against a defendant, Fossarelli Motor Sales, as seller of motor vehicle, and Scovotti, as defendant for negligent repairs to the motor vehicle. The complaint was subsequently amended to include two counts for misrepresentation against Fossarelli and a count for breach of warranty of fitness.
After a hearing on the merits on October 28,1981 and December 1,1981, there was a finding for the defendant, Scovotti, and against Fossarelli in the sum of $3,251.14 with treble damages and attorney’s fees. During the interim between the trial dates, on No vember 5,1981, a claim of report on rulings of evidence was filed in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64(a) which was docketed as paper number 24. The rulings thus identified in the request for report were included in the draft report filed after judgment.
The draft report is quite extensive and not in conformity with Form 33. However, in the absence of reasons for report’s disallowance, this Division cannot speculate what trial justice had in mind when he failed to take final action within three months after the filing of the draft report.
Rule 64(c)(5) of the Dist./Mun. Cts. R. Civ. P. clearly and unequivocally mandates that a trial justice “shall set forth in writing succinctly the facts and reasons” for the disallowance of the draft report. Marquis v. Galasti, 1982 Mass. App. Div. 218. The plaintiffs suggested amendments to the draft report filed May 26, 1982 were also not acted upon by the trial justice.
Upon a review of the draft report, there are factual issues of an evidentiary nature requiring a hearing; and an examination of this report will test the trial judge’s action in allowing in evidence certain contested matters.
The petition to establish the report is herewith allowed.

So ordered.