Banks, J.
This is a matter in contract heard in the Third District Court of Eastern Middlesex in which the plaintiff/respondent seeks recovery for goods sold and delivered. Defendant/petitioner’s defense, as gleaned from his proposed draft report and an affidavit filed with this Division, appears to have been that the party signatory to the documents underlying the claim was without authority to bind the defendant corporation. After a hering on May 4, 1982, the trial court entered judgment for the plaintiff upon a motion for summary judgment under Dist./Mun. Cts. R. Civ. P., Rule 56. The precise basis upon which this determination was made is not clear to this Division as the defendant has not brought before this Division the pleadings and affidavits which w'ould govern that determination.
Thereafter, the defendant/petitioner filed a proposed draft report in this matter which was dismissed by the trial court on J une 24,1982. The matter is before this Division upon the defendant’s petition to establish that draft report.
The defendant's draft report, which it is sought that this Division establish, does not conform to the requirements for a report under Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2) and Form 33 of the Dist./Mun. Cts. R. Civ. P. The proposed report is nothing more or less than a brief for the defendant. The tenor of that report may be gathered from one of its headings which reads: “3. Eaton-Turner, Inc. in no way ratified the outrageous mismanagement and misrepresentation of *116 its former agent. ’ ’ A report pursuant to Rule 64 ‘ ‘ should set forth facts essential to a full understanding of the questions presented ... and copies of the complaint or any pleadings necessary for the understanding or decision of the questions involved ....” Absent the pleadings, including the affidavits and counteraf-fidavits upon the motion for summary judgment, no decision by this Division can reasonably be made upon the proposed report as submitted. The trial court properly dismissed the draft report as not being in compliance with the rules as described above.
Moreover, the defendant has mistaken his remedy. From the dismissal of his report the defendant should have proceeded to this Division upon a report from the dismissal of his draft report rather than by petition to establish, which is the remedy for disallowance of a draft report. We note in passing, however, that the proposed draft report was so defective in substance as well as form as to have warranted a disallowance as well as a dismissal.
Petition to establish report is denied.