Doyle, J.
This is a petition to establish a draft report which was submitted by the third-party defendant, Nicholas A. Abraham (“Petitioner”). The trial court disallowed the draft report on the grounds that it misstated the evidence; contained irrelevant information which was not introduced at trial; and consisted principally of arguments and conclusions favorable to the petitioner.
We concur with the trial justice’s assessment of the inadequacy of the draft report at issue. As such draft is critically and irremediably flawed in both form and substance, the petition to establish this draft report is hereby denied.
1. Rule 64 (c) (2) of the Dist./Mun. Cts. R. Civ. P. mandates that a draft report “shall generally, as fully as may be, follow the model printed as Form 33 at the end of these rules.” See Iranfaglia v. Security Nat’l Bank, 50 Mass. App. Dec. 85, 97 (1973); Peabody Action Realty, Inc. v. Falkowski, 50 Mass. App. Dec. 145, 419 (1973). The draft report structure outlined in Form 33 is a simple model for an organized, coherent and comprehensive record of trial court evidence and proceedings. Such a record is a logical prerequisite to the review of any case by this Division. An essential aspect of the Form 33 format is the insertion, in separate report segments, of: (1) a summary of all material evidence; (2) the trial justice’s subsidiary findings and (3) those requests for *31 rulings of law which form the basis of the aggrieved party’s appeal.
The draft report sub judice does not contain a clear summary of trial court evidence. The draft report also omits a complete statement or copy of both the petitioner’s requested rulings and the court’s factual findings. The draft report is a rambling rebuttal of purported trial court action in which selected evidentiary fragments are marshaled in opposition to isolated findings or rulings made by the trial court.[2] Although limited attention is directed to opposing evidence, the draft report serves primarily as written argument for the petitioner. A draft report which is more in the nature of a brief for the aggrieved party than an accurate and complete trial court record will not be established by this Division. Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116.
2. More significant than its inappropriate emphasis and format are the critical deficiencies in the content of the draft report at issue. The petitioner claims to be aggrieved in said draft report by the trial court’s findings; and by the court’s denial of his requests for rulings and requests for amendments of, and additions to, the court’s findings. As noted above, the trial court’s subsidiary findings are not adequately and coherently set forth, as a unit, in the draft report. The court’s written disposition of the petitioner’s requests for rulings is entirely omitted. No copy or summary of any motion made by the petitioner pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52 to amend the court’s findings is contained in the draft report. Eighteen numbered paragraphs interspersed throughout the second half of the draft report text are initially captioned “Requests for Findings and Rulings” and then inconsistently referred to as requests, conclusions of law and trial court findings.
The petitioner’s draft report thus omits the very findings, requests and rulings which form the basis of the petitioner’s attempted appeal. This Division cannot review what is not presented to it. The burden rests upon the aggrieved party to insure that his draft report contains all matters “essential to a full understanding of the questions presented” by his appeal. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2); MacDonald v. Adamian, 294 Mass. 187, 190 (1936). Where, as in the instant case, that duty has not been discharged, a petition to establish the incomplete draft report must be denied. Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. We note in this regard that the petitioner’s draft report indeed omits the requisite statement that it “contains all the evidence material to the questions reported.” Absent this explicit assurance of a draft report’s content, an establishment of the draft report is not in order. See Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976); Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24 25; Fiorino v. Worcester Polytechnic Inst., 1981 Mass. App. Div. 47, 48.
3. Finally, it is clear that the petitioner herein is not entitled to a report to this Division as he has failed to preserve any issue of law for appellate review and to set forth such issue in his draft report.
Rule 64 (b) of the Dist./Munc. Cts. R. Civ. P. dictates that the proper method of raising and preserving a question of law is to file requests for rulings of law in the trial court. Reid v. Doherty, 273 Mass. 388, 389 (1930); Thoresen v. LeTendre, 1983 Mass. App. Div. 191, 193. Each of the eighteen “Requests for Findings and Rulings” apparently submitted by the petitioner herein sought a *32 finding of fact r?fher than a ruling of law.[3] A trial justice is not required in a district court proceeding to issue subsidiary findings of fact upon the request of a party. Dist./Mun. Cts. R. Civ. P., Rule 52 (b); Stella v. Curtis, 348 Mass. 458, 462-463 (1965); Ashapa v. Reed, 280 Mass. 514, 516 (1932). No error is thus customarily deemed to attend the denial of a request for a factual findings, and no issue is presented for appellate consideration by such denial. Constantino v. Massachusetts Elec. Co., 1983 Mass. App. Div. 19, 20; Photiou v. DelSordo, 1982 Mass. App. Div. 251, 252; Torres v. Early, 49 Mass. App. Dec. 114, 125 (1972).
The petitioner’s objections to the trial court’s subsidiary findings also fail to constitute questions of law for appellate consideration. This Division is not authorized to review findings of fact as such. Butler v. Cromartie, 339 Mass. 4, 6 (1959); Calimlirr v. Foreign Car Center, Inc., 1983 Mass. App. Div. 98, 101.
In short, the draft report at issue discloses no question of law for review by this Division. The petition to establish must, therefore, be denied. Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57; Lane v. Smith, 57 Mass. App. Dec. 27, 29 (1975); Plante v. Caldas, 52 Mass. App. Dec. 127, 131 (1973).
4. On the basis of the foregoing, the third-party defendant’s petition to establish is hereby denied.

 It is unclear whether various numbered references in the draft report pertain to actual subsidiary findings or actual legal rulings by the court, to the petitioner’s paraphrasing of actual findings or rulings or to requests for findings or rulings submitted by the petitioner.

 The request contained in paragraph 14 arguably presents amixed question offact and law. Such a request enjoys, however, no greater justiciability than a pure request for a factual finding. See Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944).