Dohoney, J.
This is an action of contract originating from the Dudley Division. The plaintiff and the defendant Sylon Industries, Inc. are apparently engaged in various textile processes and allegedly did business together. The defendant Sydney S. Lonstein is apparently the president of Sylon Industries, Inc., and it is alleged that he issued certain personal guarantees. After a trial in the Dudley Division, judgment was entered for the plaintiff against both defendants in the amount of $21,663.81 plus interest. Thereafter, certain amended findings were made by the Trial Justice which resulted in judgment against Sydney S. Lonstein to be reduced to the amount of $9,691.15 with interest. The defendant Sydney S. Lonstein filed a Request for a Report (including a document entitled “Draft Report Issues”) which was disallowed by the Trial Justice on December 17,1984. The defendant Sydney S. Lonstein, appearing pro se brings this matter to us pursuant to Mass. R. Civ. P., Rule 64 (e) for the establishment of the Report.
Mass. R. Civ. P., Rule 64 (e) provides as follows:
(e) Establishment of Reports. Whenever a draft report shall be disallowed by a justice as not conformable to the facts, or shall be disallowed for any other cause, or if action on such report is unduly delayed, the party seeking the same may within 5 days after notice of such disallowance or such time as the appellate division may allow in any other case, file with the clerk his petition, including a copy of the draft report so disallowed, and five copies thereof verified by affidavit of the party or his attorney setting forth in full his request for such report and all the facts material thereto and shall forthwith give notice to the adverse party by delivering or mailing postage prepaid to him or his attorney of record a copy of such petition and affidavit. No party shall be allowed to establish the truth of any such allegations if he has failed to comply with requirement herein prescribed.
A reading of the Request for Report (including the portion designated Draft Report Issues) fails to show compliance with Mass. R. Civ. P., Rule 64(c) (2) which provides:
*118 (2) Contents of the Draft Report. The draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks for a review by the appellate division, the state of the case at which and the manner in which the same arose, how he claims to be prejudiced by such rulings and any other facts essential for a full understanding of the questions presented. A written decision or finding and any special findings of fact by the trial justice shall be included in all draft reports, and copies of the complaint or any pleading necessary for the understanding or decision of the questions involved shall be annexed to or incorporated in the draft report.
The most egregious failure to comply with this requirement is the failure to set forth the rulings which the defendant requested. The proper method to preserve a question of law is to file a Request for Rulings of Law. Murphy v. Hamed, 1985 Mass. App. Div. 30; PERLIN & CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, Chap. XI, Sec. 3(b)(ii). Moreover, the Report does not contain a clear summary of the trial court evidence. The Report here is more in the nature of a brief and as such cannot be established. Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115.
Additionally, a reading of the Request for Report contains numerous evidentiary issues. There is nothing in the Report to suggest that the right to preserve these issues was exercised pursuant to Mass. R. Civ. P., Rule 64(a) which requires:
(a) Rulings on Evidence. When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all evidence.
The written request for report shall clearly identify the question, answer (or offer of proof), or physical evidence and the related ruling which was the subject of the objection. The ruling thus identified in any such request for a report shall be included in any draft report filed after judgment pursuant to these rules. Objections to evidence shall be accompanied by a statement of the grounds therefor and shall be decided without argument unless the court calls upon the parties to make such argument.
Therefore, we conclude that the action of the Trial Justice in disallowing the Request for Draft Report was correct.