Ruma, J.
This is a petition to establish the plaintiffs draft report upon which final action was not taken by the trial justice within ninety days of the filing thereof. Dist./Mun. Cts. R. Civ. P.,Rille 64(c)(5). See Hough v. City of Newton, 1985 Mass. App. Div. 8, 11.
Neither the form, nor the content of the plaintiffs purported draft report resembles the concise summary of trial court evidence and proceedings envisioned by Dist./Mun. Cts. R. Civ. P.,Rule 64 and Form 33, See, e.g., Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25; Lechiara v. Amato, 1980 Mass. App. Div. 117, 117-118; Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. The plaintiffs submission is in fact not a draft report, but A written brief for the plaintiff complete with allegations of trial court error, argument and case citatidns. Such a document cannot logically or practically serve as a substitute for a trial court record, and will not be established Upon petition by this Division. Murphy v. Hamed, 1985 Mass. App. Div. 30, 31; Brooks v. Hautala, 1984 Mass. App. Div. 254, 255; Theurer, Inc, v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116.
The plaintiff has, in any event, forfeited her appellate fight by failing to preserve any question of law for review. Concord Oil v. Palmer, 1984 Mass. App. Div. 121; Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57; Photiou v. Del Sordo, 1982 Mass. App. Div. 251, 252; Baybank Middlesex v. Murdza, 1981 Mass. App. Div. 157. Although general reference is made in the draft report to requests for rulings, no such requests were in fact ever filed by the plaintiff. In the absence of Dist./Mun. Cts. R. Civ. P.,Rule 64(b) requests which serve as the primary device for raising and preserving a question of law in the trial court, Reid v. Doherty, 273 Mass. 388, 389 (1930); Murphy v. Hamed, at 31, the plaintiff cannot predicate an appeal to this Division solely on a charge of error in the trial court’s factual findings. See, e.g., Butler v. Cromartie, 339 Mass. 4, 6 (1959); Bresnick v. Heath, 292 Mass. 293 (1935); Cohen v. King, 1981 Mass. App. Div. 208.
As the absence of an appellate issue is fatal to the plaintiff’s draft report efforts, it is unnecessary to consider additional, procedural flaws in the draft and petition subjudice, which include inadequate verification of the accuracy and comprehensiveness of the draft report, see Cook v. Kozlowski, 351 Mass. 708 (1967); Powers v. Kaplan, 1985 Mass. App. Div. 14, 17 and the omission of the requisite statement that the draft report “contains all the evidence *227 material to the questions reported.” See Comfort Air Systems v. Cacapardo, 370 Mass. 255, 259 (1976).
Petition denied.
So ordered.