Banks. J.
This is an action in contract instituted in the Peabody Division of the District Court Department in which the plaintiff, a roofing and shingling contractor, seeks payment for roofing repairs done on the defendant’s residence in Salem, Massachusetts.
*23 It is reported that the parties first discussed the job in the spring of 1984 and that discussions continued intermittently through the summer and early fall. The parties reached an oral agreement in November and work commenced on November 28, 1984. The project, which consisted primarily of the stripping and reshingling of the roof of the defendant’s house, was completed on or about December 15, 1984.
No firm price had been agreed to by the parties and no written estimate of costs was ever provided to the defendant. The trial court found that the defendant authorized the plaintiff to proceed in the absence of an estimate because of his reliance upon the plaintiffs representation that the price would be “fair,” upon his long personal acquaintance with the President of the plaintiff corporation, George Zolotas, and upon his previous experience with plaintiffs work. The plaintiff presented a bill in the sum of $4,900.00, over a deposit of $1,500.00, upon the completion of the contract work. The defendant protested that the price was unreasonably high and that the work was of poor quality. Specifically, the defendant complained that the new shingles had been applied over some broken and cracked roof sheathing boards. The plaintiff responded to these complaints by covering the offending areas of the interior of the roof with plywood panels and by reducing his bill to the sum of $3,995.14.
The defendant has continued to refuse to make payment. The defendant’s answer to the plaintiffs complaint herein alleged defective workmanship. The defendant also filed a counterclaim charging the plaintiff with deceptive practices in violation of G. L. C.93A.
Judgment was entered for the plaintiff in the sum of $3,995.14. The trial court also found for the plaintiff on the defendant’s counterclaim.
Relative to the issue of the quality of the plaintiffs workmanship, the defendant introduced into evidence Section 2107.3 of the Massachusetts Building Code which states that “composition shingles shall be applied only to solidly sheathed roofs.” Expert testimony by two municipal building inspectors suggested that the plaintiffs work did not comply with the Building Code. The report states, however, that these inspectors did not test the roof in question for structural soundness and had taken no steps to enforce the Code in this matter. The inspectors also testified that “a proper method for repairing broken and splintered roof sheathing boards consists of nailing 3/4” plywood onto a damaged roof board in such a manner that it spans the distance between two rafters in order that rafter supports can be used to hold the plywood in place.” The method employed by the plaintiff entailed covering the splintered boards with 1/8” and 1/4” plywood planks which were not extended under the rafter supports. In any event, additional expert testimony indicated that there is no standard trade practice for repairing broken roof sheathing boards.
Additional evidence adduced at trial established that the roof in question is structurally solid and water repellant. The plaintiff guaranteed the roof against leaks and there had been no leaks up to the time of trial. The trial justice took a view of the property.
At the close of the evidence, the trial justice made findings of fact which included the following:
"11). I find the parties did not agree to replace or repair the roof boards upon which the shingles were placed.
“12). I find that there is no standard construction practice to replace roof boards when the roof is stripped of old shingles and new shingles are applied. I find there were no code violations at the time of this job.
-T3). I find that the roof in question did not require new planking to be *24 leakproof. I further find that the plaintiff guaranteed the roof from leaks and, in fact, it has not leaked since the date of installation.
“14). I find the plaintiff completed the job in a good and workmanlike manner and that the price of the job is fair and consistent with the labor and materials provided to the defendant....
“15). I find the plaintiff did not commit any unfair or deceptive acts as proscribed by law and that the plaintiff acted in good faith in its dealings with the defendant.”
The defendant is now before this Division on a charge of error in the trial court’s denial of the following requests for rulings:
“lb. The evidence requires a finding that the April 5, 1985 Consumer Protection Act demand letter from the Defendant’s attorney complies in all respects with the demand letter requirement of Chapter 93A.
“2b. The evidence requires a finding that the Plaintiffs May 9, 1985 response, through its attorney, to the Defendant’s April 5, 1985 Consumer Protection Act demand letter fails to provide any offer in settlement.
“3b. The evidence requires a finding that the Plaintiff is estopped from asserting that the Defendant owes it any monies because of the Plaintiffs failure to comply with the Statute of Frauds.
“4b. The evidence requires a finding that the Plaintiff did not perform its roofing work upon the Defendant’s house in a workmanlike manner.
“5b. The evidence requires a finding that the Plaintiff performed its roofing work upon the Defendant’s house in a negligent manner.
“6b. The evidence requires a finding that the Plaintiff materially breached its agreement with the Defendant by not performing its roofing work upon the Defendant’s house in a workmanlike manner.
“7b. The evidence requires a finding that the damage sustained to the Defendant’s house by the Plaintiffs roofing work is not damage which would normally be expected to occur if such work were performed in a workmanlike manner according to standard trade practices.
"8b. The evidence requires a finding that the Plaintiff violated Regulations of the Consumer Protection Division of the Mass. Atty. General’s Office by failing to disclose to the Defendant, prior to performing roofing work on his house, that allegedly “normal” damage would occur in the reshingling of an old house, which failure would have the effect of deceiving the Defendant in a material way since such disclosure would have influenced him not to enter into the transaction.
“9b. The evidence requires a finding that the failure of the Plaintiff to grant relief in its response to the Defendant’s Consumer Protection Act demand letter, or otherwise, was made in bad faith with knowledge or reason to know that its acts and practices complained of in said demand letter violated Chapter 93A, Sec. 2.”
The defendant's written brief to this Division omits any argument in opposition to the trial court's denial of requests 3b and 9b. In view of such waiver of appellate review of these requests, Dist. Mun. Cts. R. Civ. P., Rule 64(f); Weinstein v. Steigman, 1983 Mass. App. Div. 288, 290; Kipuros v. Kokoras. 1980 Mass. App. Div. 41, 42, vve proceed to a consideration of the defendant's remaining requested rulings.
The primary focus of the defendant's challenge to the trial court's judgment herein is the court's finding in the plaintiffs favor on the issue of the quality of the plaintiffs workmanship. Defendant's requests for required rulings 4b, 5b, *25 6b and 7b seek a determination that the defendant was entitled to a finding as a matter of law on this point because the evidence was insufficient to permit the contrary finding for the plaintiff. See Heil v. McCann, 360 Mass. 507, 511 (1971). There was no error in the denial of these requests as the report contains ample evidence to sustain the court’s finding that the plaintiff completed the roofing project in a good and workmanlike manner.
As the question posited by requests 4b, 5b, 6b and 7b is the legal insufficiency of the evidence, it must be noted that a proposition is proved by a preponderance of the evidence ‘if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there.” Tucker v. Pearlstein, 334 Mass. 33, 36 (1956); Smith v. Rapid Transit, Inc., 317 Mass. 469, 470 (1945). A consideration of the reported evidence suggests that it is more probable that the work completed by the plaintiff herein was performed in a workmanlike fashion. Such evidence includes testimony that the roof, as repaired by the plaintiff did not leak and was structurally sound; and that the plaintiff had guaranteed the roof against leaks and continued to honor this assurance of the quality of its work. The trial justice also took a view of the property. Consiglio v. Carey, 12 Mass. App. Ct. 135, 138 (1981). It is evidence that reasonable minds could accept such evidence as adequate to support the conclusions drawn by the trial justice as to the plaintiffs satisfactory performance.
The defendant emphasizes the conflicting nature of the evidence adduced at trial. The trial justice’s allowance of defendant’s requested rulings la through 9a establishes that careful consideration was given below to evidence in the defendant’s favor in addition to that which supported the plaintiffs claim. Testimony, for example, from municipal building inspectors as to deficiencies in the plaintiffs performance and arguable violation of the state building code was introduced. Such expert testimony would not, however, have been binding on the trial justice, see Delano Growers’ Coop. Winery v. Supreme Wine Co., 393 Mass. 666, 682 (1985); Dodge v. Sawyer, 288 Mass. 402, 408 (1934), even if it had not been qualified by additional evidence that the defendant’s experts never examined the roof in question, or took any steps to enforce what they alleged to be a code violation. Whether repairs were made in a workmanlike manner was a question of fact for the trial court. Previews, Inc. v. Everets, 326 Mass. 333, 335 (1950). In resolving such issue, the trial justice remains the sole arbiter of the weight and credibility of all testimony. First Pa. Mortg. Trust v. Dorchester Savings Bank, 395 Mass. 614, 621 (1985); Moroni v. Brawders, 317 Mass. 48, 56 (1944); Herman v. Sadolf, 294 Mass. 358, 360 (1936). The short answer to the defendant’s contentions is that the court simply did not find the requisite facts in the defendant’s favor; and such factual findings as were made are not clearly erroneous and are thus beyond the scope of appellate review. Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952).
The defendant charges error in the denial of his requested ruling number 8b on the grounds that no specific, subsidiary findings were made by the trial justice in response to the request. There is no rule which compels a trial justice to enter special findings upon the denial of a request for a required finding. See Memishian v. Phipps, 311 Mass. 521 (1942). Second, the defendant failed to advance any evidence binding upon the parties or the court which would have mandated findings as a matter of law of misrepresentation and detrimental reliance as assumed in request 8b. The request was also properly rendered immaterial by thetrial court's finding that the plaintiff committed no unfairor *26 deceptive acts herein. As the defendant submitted no specific request for ruling of law testing the legal sufficiency of the evidence to sustain that finding, the question is foreclosed on this appeal. New England Copy Specialists, Inc. v. Massachusetts State Pharmaceutical Assoc., 1983 Mass. App. Div. 140.
The defendant correctly contends that requests lb and 2b should have been allowed given the plaintiffs admissions as to the defendant’s G. L. c. 93A demand letter. We find, however, that the denial of these requests was harmless error in view of sustainable findings which rendered the requests immaterial. See, generally, Fibre Leather Mfg. Corp. v. Ramsay Mills, Inc., 329 Mass. 575, 577-578 (1952). Specifically, the court’s factual determination that the plaintiff committed no unfair or deceptive acts in violation of c. 93A rendered irrelevant any consideration of the adequacy of the defendant’s C.93A demand letter vis-a-vis possible statutory damages.
Finally, requests la through 9a are identical to defendant’s requests lb through 9b with the significant exception that the former, “a” requests utilize the word “warrant” while the latter “b” requests contain the word “requires.” The trial justice allowed all of the defendant’s “warrant” requests numbers la through 9a, but added that he “did not so find.” This proper disposition of the defendant’s “warrant” requests demonstrated the trialjustice’s awareness and consideration of evidence adduced in the defendant’s favor despite the court’s ultimate resolution of factual issues along contrary lines. See DiGesse v. Columbia Pontiac, Inc., 369 Mass. 99 (1975); Saba v. Khouri, 357 Mass. 783 (1969).
Accordingly, as no error of law has been shown in this matter, the judgment of the trial court is affirmed. Report dismissed.