Banks, J.
This is a petition to establish the defendant's draft report which was “disallowed” by the trial justice on the grounds, inter alia, that no requests for rulings of law were filed by the defendant.
In the draft report at issue, the defendant charges the trial court with error in entering a finding for the plaintiff husband and wife unsupported by the evidence and in awarding damages excessive as a matter of law. The defendant neglected, however, to file Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law to test the sufficiency of the evidence to permit a general finding for the plaintiff, Worcester County Nat'l Bank v. Brogna, 386 Masss. 1002, 1002-1003 (1982); George M. Zolotas & Bros., Inc. v. Santos, 1987 Mass. App. Div. 22, 24, and to direct the trial court's attention to the appropriate measure of damages in this action. See DiPerrio v. Town of Holden, 341 Mass. 342 (1960). The defendant also failed to file Dist./Mun. Cts. R. Civ. P., Rule 52(b), or 59 post-judgment motions to amend the court's findings or to obtain a new trial. It is thus evident that the defendant forfeited any right to appellate review in this case by failing both to raise these issues in the trial court and to preserve them for appeal. The defendant's petition to establish must be denied. Fiorino v. Worcester Polytechnic Institute, 1981 Mass. App. Div. 47, 49.
As the absence of an appeallate issue is fatal to the defendant's efforts to establish a draft report, it is unnecessary to review in detail certain procedural and substantive infirmities which would have precluded utilization of the defendant's draft report as a vehicle for the presentation of issues to this Division. These defects include an incomplete recital of all evidence necessary for appellate review, see *6 Concord Oil v. Palmer, 1984 Mass. App. div. 121; Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57, and an inadequate attestation of the truth and accuracy of the draft report. Cook v. Kozlowski, 371 Mass. 708 (1967); Powers v. Kaplan, 1985 Mass. App. Div. 14, 17. These deficiencies demonstrate that the defendant failed to discharge his burden, as appellant, of insuring that the draftreportconstitutedan accurate and complete record of relevanttrial court proceedings. Burick v. Boston Elev. Rwy., 293 Mass. 432, 435 (1936); Watson v. Falwell, 1983 Mass. App. Div. 326, 327. Apeitifion to establish an incomplete or inaccurate draft report must be denied. Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115.
The defendant's petition to establish is denied.