Sherman, P.J.
In her complaint, the plaintiff sought to recover for b odily injuries sustained as a result of a boating accident in which the defendant's boat collided with another boat on which the plaintiff was a passenger.
The defendant asserted the usual defenses of non-neglígence and comparative negligence, and after trial, the court found in favor of the plaintiff in the amount of $3,302.00, plus interest and costs.
Theplaintiff presented no requestsforrulingspursuantto Rule 64(b)oftheDist/ Mun. Cts. R. Civ. P., nor did she claim areport on any ruling of an evidentiaiy nature under Rule 64(a). In the absence of requests for rulings which serve as the primary device for raising and preserving questions of law before the trial court, there can be no appeal to the Appellate Division solely on a charge of error in the trial court's findings of fact. G.L.C. 231, § 108; Rice v. Yeghiayan, 1985 Mass. App. Div. 226.
The finding of the trial court would thus normally have ended the proceedings. However, the plaintiff, being obviously displeased with the amount of the recovery based upon her alleged injuries, medical expenses and disability, filed a motion for a new trial pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52(b) and an additional motion requesting an amendment to the judgment under Dist./Mun. Cts. R. Civ. P., Rule 59(e).
After notice, a hearing on said motions was conducted by the trial judge who, in response to the arguments of plaintiff's counsel with respect to the monetary finding, stated: “That is not the full value of her injuries, but that is all she can recover against he operator of the third party boat.”
Although the judge made it abundantly clear that the plaintiff's testimony was not entirely credible, he wént on to say that any further liability “rests with the operator of her boat.” The judge proceeded to deny both motions. Plaintiff claimed a report from such denials.
We wish to make it abundantly clear that our action in this matter is not intended to vary the long standing rule that a factual determination will stand unless “plainly wrong”. Larabee v. Patvin Lumber Co., Inc., 390 Mass. 636, 643 (1983). Due weight must be given to the findings of the trial court who heard the testimony and had the opportunity to weigh the credibility of the witnesses so that such findings may not be set aside unless clearly erroneous. Simon v. Weymouth Agricultural and Industrial Society, 389 Mass. 146, 148 (1983); Gallagher v. Taylor, 26 Mass. App. Ct. 876, 880 (1989).
In making the statements quoted above,the judge made it clear that he was misapplying the law. It is well settled that in a tort action where two or more may be liable, their liability is joint and several so that the plaintiff may sue either or both parties and the entire damage may be recovered against either sued alone. Donnelly v. Larkin, 327 Mass. 287, 296 (1951); Proctor v. Dillon, 235 Mass. 538, 549 (1920).
*12 Judgment for the plaintiff is hereby vacated. The matter is remanded to the trial courtfor areheaiinglimited solely to a determination of the total damages sustained by the plaintiff, and an entry ofjudgmentconsistentwiththatfactual determination.