Flatley, J.
This is a petition to establish the defendant’s draft report which was disallowed by the trial justice on the grounds that it set forth no question of law for appellate review.
*195 The plaintiff instituted this action in contract to recover for security services . rendered to Salisbury West Condominium Trust for which the defendant served as managing agent. Judgment was entered for the plaintiff. The trial court made extensive findings of fact based upon the credible evidence which included the following:
at no time did the defendant represent to the plaintiff that [the security] services were being provided for a trust; indeed, the defendant admitted liability for the debt...
the defendant and plaintiff entered into an agreement to perform the security services at the condominium property; the defendant did not put the plaintiff on notice that he was representing the interests of the Salisbury West CondominiumTrust and nothis own; and the defendant was acting as an agent to an undisclosed principal.
The defendant thereafter filed the draft report which is the subject of the present petition. The sole issue posited for review in such draft report is the validity of the court’s finding of fact that the defendant acted for an undisclosed principal.[2]
1. The existence, nature and scope of an agency relationship are customarily questions of fact for a trial court. See generally, Choate v. Assessors of Boston, 304 Mass. 298, 300 (1939). It is elementary that a trial court’s findings of fact, on these or any other issues, may not serve as the basis of an appeal. Butler v. Cromartie, 339 Mass. 4, 6 (1951). Appellate review is restricted to questions of law only. G.Lc. 231, §108; T. L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1965); Huikara v. Eastman, 362 Mass. 853, 867 (1972).
While recognizing that a finding of fact is not a proper subject of a Dist./Mun. Cts. R. Civ. P., Rule 64 report, the defendant contends that whether such finding was warranted or required by the evidence is a question of law appropriate for appellate review. Soutier v. Kaplow, 330 Mass. 448, 450 (1953). The flaw in the defendant’s otherwise correct assertion is that his draft report does not present any issue of the sufficiency of the evidence to support the court’s findings. The reason is that the defendant failed to raise such issue in the trial court and preserve it for appellate review by filing a specific DisL/Mun. Cts. R. Civ. P., Rule 64 (b) request for ruling of law that the evidence did not warrant or require findings unfavorable to him. Reid v. Doherty, 273 Mass. 388, 389 (1930); Kipuros v. Kokoras, 1980 Mass. App. Div. 41, 42-43. The insufficiency of the evidence to permit certain findings made by a trial court cannot be raised upon mere claim of report to this Division. Massachusetts General Hosp. v. Quincy, 348 Mass. 791 (1965).[3]
2. The defendant further argues, in support of his claim of appeal, that the court’s ultimate findings of fact were clearly erroneous as evidenced by the court’s allowance of plaintiffs request for finding of fact number 5 and defendant’s request for finding of fact number 6. In oral arguments before this Division, the defendant clarified this argument by alleging that the court’s finding for the plaintiff was inconsistent with its disposition of the parties’ requests for findings of fact The defendant has, however, waived any right of appeal on the question of such alleged inconsistency by failing to file a post-judgment motion to correct the inconsistency or motion for a new trial. Cook v. Kozlowski, 351 Mass. 708 (1967).
*196 In any event, request for finding of fact number 5 is not attached to, or included in, the defendant’s draft report. We cannot review what is not presented to us, and a petition to establish a draft report which fails to include all pleadings, motions, requests, rulings or other material necessary for appellate review must be denied. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25-26; Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121.
Similarly, the inadequacy of the defendant’s draft report would preclude any effective consideration of whether the court’s findings of fact were clearly erroneous even if such issue were deemed to have been properly raised, preserved and presented by the defendant. A court’s factual findings would be set aside on appeal, as the defendant urges in this case, only if such findings could not be sustained upon a reasonable view of all of the evidence adduced at trial. The summary of the evidence set forth in the defendant’s proposed report, however, includes only that evidence favorable to the defendant, supplemented with inappropriate legal argument. See Brooks v. Hautala, 1984 Mass. App. Div. 254, 255. Our assessmentthatthe defendant’s evidentiary recital is incomplete is strengthened by the omission from the draft report of that requisite assurance that the draft “contains all of the evidence essential to a full understanding ofthe issues presented.” Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 259 (1976).
3. In short, the defendant’s draft report constitutes neither an accurate and complete trial court record, nor a vehicle for the presentation of issues of law for appellate review.
The defendant’s petition to establish such draft report is hereby denied.

 The draft report recites: "The Defendant claims to be aggrieved by the findings of fact, per Plaintiffs Request No. 5 and Defendants Request No. 6, that at all times material hereto the Defendant acted as an agent for an undisclosed principal.”

 The defendants requests for rulings merely sought legal determinations of the defendants non-liability in contractherein based on assumptions thatthecondominium trustwas adisclosed agent or that any finding that the defendant was an agent was tantamount to a finding that the plaintiff knew of such agency relationship. The mere assumption of findings of fact in the defendants favor on dispositive, disputed issues was not the equivalent of a request for ruling that the evidence required such findings.