Banks, J.
This is a petition to establish the plaintiff’s original draft report which was “constructively disallowed” by the trial judge who prepared and filed his own report. Souza v. Stoney Acres, Inc., 1984 Mass. App. Div. 157, 158.
The docket indicates that upon entry of judgment for the defendants, the plaintiff timely filed the draft report which is the subject of this petition. After a number of hearings to settle the form of the report, the trial judge amended and modified the plaintiff’s draft report withoutthe agreement of the plaintiff, signed the new document and filed the same as the report in this case. The plaintiff thereafter properly proceeded by way of petition to establish his draft, rather than the trial judge’s substitute, as the report in this case. Santosuosso v. Russo, 300 Mass. 247, 249-250 (1938).
It is by now well established that a
trial justice may not, over the objection of the aggrieved party, prepare and file his own report or accept a form of report submitted by the appellee. *108 However conscientiously intended, such a substitute report whether prepared by the appellee or the trial judge has no standing and cannot serve as an appropriate vehicle for appellate review.
Rood v. Tolley, 1988 Mass. App. Div. 62, 63. See also, Powers v. Kaplan, 1985 Mass. App. Div. 14; Lechiara v. Amato, 1980 Mass. App. Div. 117 and cases cited. We have recently reiterated the limited dispositional options available to a trial judge when a Dist./Mun. Cts. R. Civ. P., Rule 64(c) draftreportis presented. Bonasia v. The Hanover Ins. Co., 1991 Mass. App. Div. 88. A draft report must ultimately be signed in the form presented or, after hearing, settled and signed, dismissed for procedural noncompliance or disallowed for material inaccuracies or omissions. Following the prescribed course of action in the instant case, the trial judge should have disallowed the plaintiffs draft report, Calcagno v. P.H. Graham & Sons Co., 313 Mass. 364, 366-367 (1943), and filed a succinct written statement of the specific reasons therefor, Dist./Mun. Cts. R. Civ. P., Rule 64(c) (5); Marquis v. Galasti, 1982 Mass. App. Div. 218, rather than endeavoring to correct the draft by submitting a substitute report
Rule 64 neither envisions, nor permits, competing draft reports. Hatem v. Merrimack Lincoln-Mercury Co., 1988 Mass. App. Div. 51, 52 n.4. The trial judge’s “corrected report” is thus a nullity for purposes of the plaintiffs appeal. Accordingly, such report is hereby dismissed and is to be stricken from the trial court records.
2. Having asserted his right to reject the trial judge’s substitute report and to proceed solely on the basis of his draft report, Santosuosso v. Russo, supra at 249-250, the plaintiffs entitlement to review by this Division is contingent upon whether his draftreport can serve as a satisfactory trial courtrecord in this case. Thus the primary issue presented by the plaintiffs petition to establish is whether the plaintiffs draft constitutes an accurate and complete report of all trial court evidence and proceedings material to issues presented for appellate consideration. See Altshuler v. Field, 366 Mass. 756, 761-762 (1958); Murphy v. Hamed, 1985 Mass. App. Div. 30, 31; Randazzo v. O'Brien, 1984 Mass. App. Div. 220, 223.
Even a cursory examination of the plaintiffs draft report reveals that all evidence adduced at trial is not presented therein. The report sets forth nothing more than plaintiff s testimony in support of his complaint allegations; namely, that the plaintiff orally agreed-with the defendants to market their commercial art work for a weekly compensation of $2,000.00, that he was paid only $5,674.00 for work performed over an eight month period and that the fair and reasonable value of his services was $2,000.00 per week. Missing from the plaintiffs draft is any and all evidence favorable to the defendants, the existence of which is not only referenced in both the defendants’ opposition to the plaintiffs petition to establish and other documents before us, but is also a matter of common sense. Such evidence includes the defendants’ testimonial denial of the existence of any oral contract with the plaintiff and of any promise to compensate him at the rate of $2,000.00 per week, as well as evidence that the gross income of the defendants’ business did not exceed $50,000.00 and that a fair and reasonable commission for a salesperson in the industry is ten (10%) percent of one’s generated sales. Such critical draft report omissions, together with apparent distortions of documentary evidence and other inaccuracies, demonstrate that the plaintiffs draft report is irremediably slanted in the plaintiffs favor and presents only that portion of the trial court evidence which supports the plaintiffs claim. Ordinarily, a petition to establish such a patently biased draft report would be denied. See Pinkerton’s, Inc. v. Busconi, 1990 Mass. App. Div. 194; Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24; Concord Oil Co. v. Sherman, 1984 Mass. App. Div. 121.
3. The ultimate test of the accuracy and comprehensiveness of a draft report is, however, not whether it includes all evidence introduced at trial, but whether it sets forth all evidence material to the issues of law presented for review. In this case, the plaintiff claims to be aggrieved in his draft report by the trial court’s inaction on his requests for rulings of law. Such inaction is customarily deemed tantamount to a *109 denial of requested rulings.[2] Hogan v. Coleman, 326 Mass. 770, 773 (1951); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 204, 205. The first three requests submitted by the plaintiff sought rulings of law that “the evidence warrants a finding for the plaintiff against each of the three individual defendants. The denial of a request that the evidence warrants a finding in favor of the requesting party is, in the absence of subsidiary findings of fact which render the request immaterial, equivalenttoalegal ruling thatnoevidence was introduced at trial which would permit or support a finding for the requesting party. Strong v. Haverhill Elec. Co., 299 Mass. 455, 456 (1938). The plaintiffs appeal of the court’s denial, inter alia, of requested rulings 1 through 3 thus raises the issue of whether any evidence in support of the plaintiffs claim was introduced at trial. In so framing the legal issue presented for appellate consideration, it becomes clear that the plaintiffs proposed report, which is restricted to evidence admitted in the plaintiffs favor, in fact adequately presents all evidence necessary for review of the court’s denial of plaintiffs requests 1,2 and 3.
Because the court’s action on these three requests is dispositive of the plaintiffs appeal (see discussion below), it is unnecessary to evaluate the adequacy of the plaintiffs draft report as a vehicle for the presentation of other issues attending the court’s disposition of plaintiffs remaining twenty-two requests. We hold that the plaintiffs draft report constitutes a sufficient recital of all evidence necessary for appellate review of the trial judge’s rulings numbers 1, 2 and 3. The petition to establish such draft report is, accordingly, allowed.
4. So established, the report in this case demonstrates unquestionably that the trial judge was ensnared in that “trap for the unwary” always inherent in warrant requests. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 105-106 (1975). As no written or oral argument presented by the defendant upon our establishment of a report in this case could alter the legal effect of the court’s rulings, we proceed to dispose of the substantive aspect of this appeal.
Where a party presents a request for a ruling of law that the evidence “warrants” a finding in his favor and evidence has in fact been introduced in support of his claim, the party is “entitled to that ruling or to a statement of findings of facts showing that the requested ruling has become irrelevant” Bresnick v. Heath, 292 Mass. 293, 296 (1935). No findings of fact were made by the trial judge in this case. It may be inferred as a practical matter that the trial court’s denial of plaintiff s requests 1,2 and 3 and its judgment for the defendants may well have properly resulted from the court’s disbelief of all or part of the plaintiffs evidence and its assessment of the prevailing weight and credibility of the defendants’ case. However, in the absence of subsidiary findings offad, it must be assumed asamatteroflawfromadenialofawarrantrequest that the court’s ultimate findings against a requesting party were based on the erroneous ground that there was no evidence for the fact-finder to consider in the requesting party’s favor. Rummel v. Peters, 314 Mass. 504, 517-518 (1943).
The denial of plaintiff s requests for rulings 1,2 and 3 was thus error, and the court’s general finding for the plaintiff must be vacated.
Accordingly, judgment for the defendants is hereby vacated, and this case is returned to the Lawrence Division for a new trial. So ordered.

 We note that the trial judge actually ruled on the plaintiffs Rule 64(b) requests, butthat such rulings were not made available to the plaintiff for inclusion in his draft report at the time of filing. The court’s disposition includes an express denial of plaintiffs requests numbers 1,2 and 3 as follows:
“1. The evidence warrants a finding for the plaintiff against the defendant, Michael Compton. DENIED.
“2. The evidence warrants a finding for the plaintiff against the defendant, Clifford Thissel. DENIED.
“3. The evidence warrants a finding for the plaintiff against the defendant, Robert Graston. DENIED.”