Sherman, P J.
This is a petition to establish the draft report filed by the plaintiff to challenge the trial court’s denial of the plaintiffs motion to retransfer this case to the Superior Court
The trial judge allowed the defendant’s “Opposition to Plaintiffs Request for a Report and Defendant’s Motion to Dismiss and Disallow Plaintiffs Draft Report,” presumably on grounds set forth in defendant’s supporting memorandum and affidavit of counsel which have not been presented to this Division by the plaintiff-petitioner. Consistent with the case docket and arguments of both parties, we construe the court’s action as a disallowance of the plaintiffs draft report despite the absence of the succinct, written statement of reasons for disallowance mandated by *115 Dist./ Mun. Cts. R. Civ. P., Rule 64(c)(5). Dougherty v. Fossarelli, 1983 Mass. App. Div. 94, 95.
An examination of the plaintiffs petition renders it immediately apparent that the plaintiff has failed to comply with the procedural requirements of Rule 64 and to satisfy his burden as petitioner of proving the adequacy of his draft report as a vehicle for the presentation and review of appellate issues. Burick v. Boston Elev. Rwy., 293 Mass. 238, 240 (1936).
1. Rule 64(e) requires the filing of a petition to establish “within 5 days after notice of disallowance” of a draft report The trial court’s order of “disallowance” was entered herein on December 11,1990. The plaintiffs petition to establish was not filed until January 29,1991, forty-eight (48) days later. Such petition must, therefore, be denied as untimely. Massachusetts Drug Co. v. Bencks, 256 Mass. 535, 536 (1926); Photiou v. DelSordo, 1982 Mass. App. Div. 251.
The plaintiff s attestation of the veracity and adequacy of its petition and draft report recitals is also fatally defective as it is impermissibly predicated on counsel’s mere information and belief Cook v. Kozlowski, 351 Mass. 708 (1967); Wolfv. C. Bain, Inc., 1983 Mass. App. Div. 365.
2. Of greater moment is the failure of the plaintiffs proposed draft report even to resemble, much less serve, as the simple record of trial court evidence and proceedings envisioned by Rule 64(c) (2) and Form33 ofthe Dist/Mun. Cts. R. Civ. P. Murphy v. Hamed, 1985 Mass. App. Div. 30. The document submitted by the plaintiff as a petition to establish includes approximately eighty (80) pages of pleadings, exhibits, Superior and District Court motions and counter-motions filed by both parties, docket sheets, Superior Court memoranda of decisions filed in other actions and more — all of which precede the plaintiffs five (5) page draft report Some, but not all, of these documents are referenced in the draft report The draft report consists of little more than an initial description of this action as one commenced in Superior Court and transferred for trial to the Newburyport Division; a synopsis of complaint counts; and a partially chronological list of the plaintiff s filings and the defendant’s opposition to various motions for retransfer filed in both the District and Superior Court, for trial by District Court jury of six, for appeal to District Court jury of six (requested prior to any court finding, decision or ruling which could have been appealed) and for discovery. Copies of some, but not all, of the listed motions are attached to the petition to establish. No copies are attached to the draft report
For obvious reasons, “evidence, pleadings or other documents which are not material to the questions raised should not be permitted needlessly to encumber and complicate the report” Schraeder v. Assembled Homes, Inc., 28 Mass. App. Dec. 195, 196-197 (1964). See also, Berninger v. Small, 1986 Mass. App. Div. 87, 88; Lechiara v. Amato, 1980 Mass. App. Div. 117, 118. The only question properly preserved for appellate review by the plaintiff is the propriety of the trial court’s denial of the plaintiffs motion to retransfer the action to the Superior Court. The majority of draft report recitals and petition documents are irrelevant to any consideration of such issue. In short, we are “neither obligated, nor inclined to shoulder the [plaintiffs] responsibility for his appeal” by culling from the array of materials presented those matters material to the issue the plaintiff was attempting to present. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 26. Such endeavor would require almost a complete revision of the draft report presented which is not warranted given other procedural and substantive defects by which this appeal is flawed.
Despite the volume of largely extraneous materials presented, the plaintiffs proposed report is also critically deficient in content. See generally, Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116; Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. Such inadequacy is best demonstrated by the omission from the draft report of any reference to a District Court decision or finding which would have been prerequisite to both the statutory retransfer of this action to Superior Court and, logically, to the allowance of the plaintiffs motion for such transfer. The *116 draft report merely lists, and the petition materials include, the trial court’s marginal notation of its allowance of “Defendant’s Request for Hearing on Affirmative Defenses,” a ruling which does not appear on the trial court docket. Clarification of this order was only obtained pursuant to an Interim Decision and Order of this Division as nothing in the plaintiffs draft report explains the nature of either the defendant’s motion or the trial court’s ruling thereon.
3. On the basis of the foregoing, the plaintiffs petition to establish a draft report is denied.