Brennan, J.
In this matter, the plaintiff brought suit for breach of warranty of habitability, negligence and violation of Massachusetts General Laws, Chapter 93A. After trial, the Court entered judgmentfor the defendant on all counts, havingfound the litigation “frivolous.” Plaintiff filed a motion to vacate judgment, a motion for a new trial and opposition to defendant’s motion for attorney’s fees and costs. Plaintiff requested a report. It should be noted that plaintiff filed no Requests for Rulings of Law.
After hearing on the plaintiffs draft report, the trial judge mailed to the parties a signed report, along with a letter requesting additions, deletions or suggestions. The plaintiff states that he requested that the trial judge attach his motions and trial exhibits to the draft report. The defendant sent a draft of a report, which the judge signed and adopted as the final report. The plaintiff was aggrieved as this final report did not contain the issues regarding the denial of his motions to vacate judgment and his motion for a new trial and that it did not fully and accurately set forth the material evidence at the trial.
The plaintiff thereafter petitioned the Appellate Division to establish the first report signed by the trial judge along with plaintiffs motions.
It is well established that in a petition to establish the only draft report which may be established is the first draft report submitted by the appellant. Sea Street Auto Body Inc. v. Mullins, 55 Mass. App. Dec. 142. It is also clear that a judge may not submit a report he prepared or one prepared by the prevailing party ft the Appellant does not consent to the report and that such a report is invalid for purposes of appeal. (Coen Marine Equipment, Inc. v. Edward Kurker, 1983 Mass. App. Div. 221) (Paul E. Alexanders. Michael Compton and others, 1991 Mass. App. Div. 107).
“A report with which the party seeking appeal does not agree must be construed by the party seeking review as a disallowance of the draft report. The report must be dismissed.” (Alexander v. Compton).
The issue before the Appellate Division, after dismissal of the report filed by the trial judge, is whether the draft report proffered by the appellant constitutes an accurate and complete report of all of the trial court evidence and proceedings.
As previously stated, the plaintiff seeks to establish the original report signed by the judge together with his motions to vacate judgment and motion for a new trial.
Case law is clear that actions on motions for a new trial and on motions to vacate judgment are matters of discretion and are not reviewable by the appellate division unless there is shown to be an error of law or an abuse of discretion. Appellant has not alleged that the trial judge abused his discretion. In fact, appellant’s proposed draft report fails to disclose any error of law prejudicial to the rights of the appealing party. No requests for rulings were filed at trial and appellant’s motion for a new trial was denied.
The appellant is seeking to have the appellate division review a general finding of a trial judge. It has been clearly established that the Appellate Division only rules on questions of law. An appeal of a general finding does not present a question of law *190 for review. Chadwich v. Desroches, 333 Mass. 769 (1956).
Failure to acton appellant’s draftreport and acceptance of defendant’s draftreport constituted a constructive disallowance and a petition to establish is appellant’s correct remedy, but insofar as appellant seeks review of general finding of the trial judge and insofar as appellant filed no requests for rulings his petition to establish report is denied.