Giles, J.
This is a contract action in which the plaintiff Bank of Boston is seeking to recover a sum of money allegedly owed under a loan agreement. After the trial court entered summary judgment for the plaintiff (the defendant filing no opposition thereto), the defendant sought reconsideration of that order, claiming that he had not been notified of the hearing on plaintiff’s motion for summary judgment. Determining notice of the hearing to the defendant to be adequate and finding the defendant’s failure to defend to be inexcusable, the court conditioned its order to set aside the judgment upon the defendant’s payment of the plaintiffs $825.00 in costs incurred because of the defendanf s said failure. Thereafter, the defendant failed or refused to comply with the condition of costs and then unsuccessfully sought reconsideration of that order.
After the defendant attempted twice to file an acceptable draft report, the trial court disallowed the draft report, citing a number of procedural and factual deficiencies. For *227 example, the draft report failed to specify of which ruling he was seeking review. See Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2); Dist./Mun. Cts. Form 33. Moreover, the draft report omitted mention of several crucial facts relating to the plaintiffs attempts to serve the defendant with notice of the hearing on the motion for summary judgment at his last known address and current post office box.
A draft report must contain all the “facts essential to a full understanding of the questions presented.” Id. Containing biased, hyperbolic assertions such as “an inappropriate and irresponsible exercise of discretion” and the judge’s “despicable” and “discrepant behaviour,” the draft report is nothing more than a brief for the defendant and, as such, cannot be established. Theurer, Inc. v. Eaton-Turner, 1983 Mass. App. Div. 115. Kayser-Roth Industries, Inc. v. Sylon Industries, Inc., 1985 Mass. App. Div. 117, 118.
The defendant’s petition to establish report is hereby denied.