Willie HOLDER et al.,
Plaintiffs-Appellants,

v.

Louis S. NELSON et al.,
Defendants-Appellees.

No. 74–2309.

United States Court of Appeals,
Ninth Circuit.

April 29, 1975.

Jerome M. Garchik, Oakland, Cal., for plaintiffs-appellants.

Evelle J. Younger, Atty. Gen., and Ann K. Jensen, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

OPINION

Before KOELSCH and CHOY, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Appellants, plaintiffs below who are former and present inmates of California's state prison system, commenced this civil rights class action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, seeking to enjoin as unconstitutional the operation of several state statutes involving the deposit into the so-called Inmates' Welfare Fund (the Fund) of earnings derived from inmate-owned and inmate-produced properties.[1] The district court dismissed the action under F.R. Civ.P. 12(b), failing to specify whether the dismissal was for lack of subject matter jurisdiction (Rule 12(b)(1)) or for failure to state a federal claim (Rule 12(b)(6)), and denied plaintiffs' request to empanel a three-judge district court under 28 U.S.C. § 2281. We reverse.

Briefly, the allegations in the complaint are to the effect that defendants (1) deprived plaintiffs of their property in violation of the Fourteenth Amendment by depositing into the Fund interest earned on inmates' savings accounts held in trust under Cal.Penal Code § 5008;[2] (2) violated plaintiffs' Four-

---

* The Honorable Robert J. Kelleher, United States District Judge for the Southern District of California, sitting by designation.

1. Plaintiffs' complaint also seeks declaratory relief and damages.

2. It is unclear whether plaintiffs are claiming a violation of the due process clause of the Fourteenth Amendment or an unconstitutional "taking" in violation of the Fifth Amendment made applicable to the states through the Fourteenth Amendment.

teenth Amendment rights by depositing into the Fund a portion of the proceeds from public sales of their paintings and handicrafts under Cal.Penal Code § 2877; (3) denied plaintiffs their right to free expression under the First and Fourteenth Amendments by withholding a portion of those sale proceeds under § 2877; (4) denied plaintiffs their right to equal protection of the laws under the Fourteenth Amendment by withholding such sale proceeds under § 2877 while crediting inmate-authors with all the proceeds from sales of their respective writings;[3] (5) denied plaintiffs equal protection of the laws by employing the Fund under §§ 2877, 5006, and 5008 so as to impose a significant cost of punishment and incarceration on the inmates rather than on the public generally; and (6) violated the Eighth Amendment's prohibition of cruel and unusual punishments by subjecting plaintiffs to unlawful forfeitures under §§ 2877, 5006 & 5008.

■■■ These claims, upon which plaintiffs seek to enjoin as unconstitutional the operation of several California statutes of statewide application, are of the species reserved for disposition on the merits by a three-judge district court. 28 U.S.C. § 2281. *See* Gilmore v. Lynch, 400 F.2d 228, 229–230 (9th Cir. 1968) (ordering convening of three-judge district court), cert. denied, 393 U.S. 1092, 89 S.Ct. 854, 21 L.Ed.2d 783 (1968), on remand, 319 F.Supp. 105 (N.D.Cal.1970) (three-judge court decision), aff'd sub nom., Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). *See also* Martinez v. Procunier, 354 F.Supp. 1092 (N.D.Cal.1973), aff'd sub nom., Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Since a dismissal for failure to state a claim, unlike a dismissal for want of jurisdiction, is a disposition on the merits, the single-judge district court involved here could only have dismissed the action for want of federal jurisdiction. *See* Hagans v. Lavine, 415 U.S. 528, 542–543, 94 S.Ct.

1372, 39 L.Ed.2d 577 (1974); Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Ex parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). In so dismissing the action, the court erred.

True enough, federal jurisdiction under 28 U.S.C. § 1343(3) would be lacking here, absent a substantial federal constitutional question. However, under the test of Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), as further elucidated in Hagans v. Lavine, *supra,* 415 U.S. at 536–543, 94 S.Ct. 1372, it is clear that none of the claims upon which plaintiffs seek injunctive relief is so utterly devoid of merit as to deprive the district court of its jurisdiction under § 1343. Accordingly, the district court's order dismissing the action and denying plaintiffs' application to convene a three-judge court must be vacated and the cause remanded for further proceedings before a three-judge district court.

So ordered.

---

**3.** Cal.Penal Code § 2600 permits an inmate to own all written material which he or she produces during his or her period of imprisonment.