**Robert P. BACON, Sr.**

**v.**

**BEST FOODS, DIVISION OF C. P. C. INTERNATIONAL, INC., d/b/a S. B. Thomas.**

**Civ. A. No. 75–1305–C.**

United States District Court, D. Massachusetts.

March 5, 1976.

Richard N. LaSalle, Fall River, Mass., for plaintiff.

Peter S. Terris, Robert L. Klivans, Palmer & Dodge, Boston, Mass., for defendant.

## OPINION

CAFFREY, Chief Judge.

This is a civil action filed in this Court on the basis of diversity of jurisdiction. It contains two counts, one sounding in contract and one sounding in tort. Plaintiff is a resident of Somerset, Massachusetts and defendant is a corporation organized under the laws of the State of New Jersey.

The matter came before the Court on the basis of defendant's motion to dismiss under Rule 12(b)(6), F.R.Civ.P., on the grounds of *res judicata*, and also under Rule 12(b)(1) on the grounds of lack of subject matter jurisdiction because less than $10,000 is in issue.

The two counts of the complaint, although denominated respectively as being for contract and for tort, both allege substantially the same facts, namely, that for a period of approximately eleven years, beginning in 1959 or 1960, plaintiff had a contract with S. B. Thomas Co. to distribute that company's bread and bakery products in the southern part of Bristol County, Massachusetts. It is further alleged that defendant acquired the S. B. Thomas Co. approximately five years ago and thereafter continued its distributorship arrangement with plaintiff until February 5, 1975, at which time defendant notified plaintiff that his right to distribute defendant's products was terminated.

Appended to defendant's motion to dismiss are certified copies of a number of documents from the Bristol County Superior Court. These documents establish that a complaint virtually identical to that presently before this Court was filed in Bristol County Superior Court by plaintiff against defendant on February 12, 1975; that a motion to dismiss the state court case was filed on March 3, 1975; and that the motion was allowed on March 28, 1975. The papers further disclose that the motion to dismiss, filed under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure in the state court, was based on the grounds that the complaint in that court failed to state a claim upon which relief could be granted. The state court documents also establish that on April 28, 1975 plaintiff filed a notice of appeal from the judgment entered on March 28, 1975, which appeal was dismissed on October 27, 1975.

Plaintiff seeks to refute defendant's claim that this action is barred by *res judicata* with the contention that a dismissal under Rule 12(b), based solely on the pleadings, is not a final judgment on the merits. It has been ruled in a substantial number of federal cases that a judgment of dismissal entered on the basis of a Rule 12(b)(6) motion is a judgment on the merits. *Hubicki v. AFC Industries, Inc.*, 484 F.2d 519, 523 (3 Cir. 1973); *Glick v. Ballentine*, 397 F.2d 590, 593 (8 Cir. 1968); *Mullen v. Fitz Simons & Connell Dredge & Dock Co.*, 172 F.2d 601, 603 (7 Cir. 1948), *cert. denied*, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949). 2A *J. Moore, Federal Practice*, ¶ 12.14, 2337. See *Holder v. Nelson*, 514 F.2d 1091, 1092 (9 Cir. 1974). Cf. *Hagans v. Lavine*, 415 U.S. 528, 542, 94 S.Ct. 1372, 1381, 39 L.Ed.2d 577, 590

(1974); *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946).

■■ Since the adoption of the new Rules of Civil Procedure in Massachusetts, the courts of the Commonwealth in interpreting the new Massachusetts rules have closely tracked federal court decisions under the Federal Rules of Civil Procedure. *Charbonnier v. Amico*, Mass. Adv.Sh. 653, 662, 324 N.E.2d 895 (1975). Accordingly, I rule that the judgment of dismissal entered in the state court case is a final judgment under Massachusetts law. See 1B *J. Moore, Federal Practice*, ¶ 0.409[1], 1005. I also rule that in a diversity action such as this, the proper application of the principle of *res judicata* precludes further action between the same parties in a federal court on a claim already finally decided in a state court. See *Angel v. Bullington*, 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832, 839 (1948); 1B *J. Moore, Federal Practice*, ¶ 0.409[2], at 1020–21.

■ It is clear that the basic factual allegations in the state court complaint and those in the two counts in the instant case are essentially the same, and it is settled law in this Circuit that cosmetic or merely formal changes in the allegations between those in a first and second case between the same parties will not preclude the application of the doctrine of *res judicata*. *Lovely v. Laliberte*, 498 F.2d 1261, 1263 (1 Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974). See also, *Engelhardt d/b/a Engelhardt's Camera Store v. Bell & Howell*, 327 F.2d 30, at p. 32 (8 Cir. 1964), where the Court of Appeals said:

> "The law of res judicata as it relates to claim preclusion is firmly established. In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. *The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided.*" (Emphasis supplied; citations omitted.)

Accordingly, treating defendant's motion as a motion for summary judgment under the provisions of Rules 12(b) and 56, F.R.Civ.P., an order will be entered dismissing the complaint.

In view of the fact that prosecution of this case is precluded on the above-stated grounds, there is no occasion to examine defendant's alternate contention that the jurisdictional amount is not involved herein.