Banks, J.
This is a petition to establish the defendant’s draft report which was “denied by the trial court.
The defendant claims in the draft report at issue to be aggrieved by the trial court’s allowance of the third-party defendants’ Motion for Judgment on the Pleadings. Said motion was predicated on the defendant’s failure to satisfy the impleader requirements of Dist./Mun. Cts. R. Civ. P. Rule 14(a).
1. It is well established that the “denial” of a draft report is tantamount to the dismissal rather than the disallowance of such draft. Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, 204; Hart v. Keoveney, 1980 Mass. App. Div. 59. The defendant has thus misperceived his appellate remedy in filing a petition to establish herein. The dismissal of a draft report can be reviewed and remedied solely upon a report of the dismissal order to this Division. Traver v. Davidson, 1983 Mass. App. Div. 106; Little v. Heimlich, 1980 Mass. App. Div. 122 and cases cited. As the defendant’s draft report was dismissed, there is presently no viable draft report on file in the trial court which could be established upon this petition or otherwise by the Appellate Division. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976); Onessimo v. Carvelli, 1983 Mas. App. Div. 56, 57.
2. The defendant’s proposed report is itself flawed by several critical infirmities. The third-party defendants’ Motion for Judgment on the Pleadings, which forms the basis of the defendant’s appeal, is neither annexed to, nor incorporated into, the draft report at issue. Rule 64(c)(2) of the Dist./Mun. Cts. R. Civ. P. mandates the inclusion in a draft report of the rulings upon which an appeal is premised and all other materials essential to a full understanding of the questions presented. This Division is bound by the contents of the report and may not consider matters not set forth or *255 summarized therein. Black v. Haar, 1982 Mass. App. Div. 156. We obviously cannot review what is not presented to us, and the omission from the defendant’s draft report of the motion at issue renders such draft fatally deficient in content. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25-26; Fiorino v. Worcester Polytechnic Institute, 1981 Mass. App. Div. 47, 48.[3]
A significant portion of the defendant’s draft report also consists of argument, complete with case citation, in support of the defendant’s opposition to the court’s allowance of the third-party defendants’ Motion for Judgment on the Pleadings. A report in substantial compliance with Rule 64(c)(2) and Form 33 of theDist./Mun. Cts. R. Civ. P. is designed to serve as a record of trial court evidence and proceedings and not as a written brief for the appellant. A petition to establish a draft report which is essentially in the nature of a brief is properly denied. Concord Oil Co. v. Palmer, 1984 Mass. App. Div. 121, 121-122; Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116.
Finally, we note that the defendant’s attestation of the truth of the petition and draft report on the basis of simple information and belief was inadequate. The affidavit requirement of Rule 64(c)(2) is satisfied solely by an unequivocal declaration in positive terms made under oath as to the actual truth and completeness of the draft report and petition. Cook v. Kozlowski, 351 Mass. 708 (1967); Massey v. Massey, 1983 Mass. App. Div. 89, 90.
3. On the basis of the foregoing, the defendant’s petition to establish is denied.

The defendant’s simple reference in the draft report to the Motion for Judgment on the Pleadings was insufficient to place the motion before this Division. Rule 64(c)(2) expressly dictates that “papers on file in the case may not be incorporated by reference except by the permission of the Appellate Division.” Lopes v. A. Pontes & Sons Construc. Inc., 1981 Mass. App. Div. 199, 200-201) Meyer v. Hooker, 51 Mass. App. Dec. 142, 146 (1973).