Dolan, J. ■
This is an action in which the plaintiff seeks to recover the purchase price paid for a pick-up truck sold to him by the defendant, and damages under G.L. c. 93A. The defendant denied liability and the trial judge found for the defendant
The appellant (plaintiff) claiming to be aggrieved, timely filed a Draft Report which was allowed by the trial judge on October 19,1984. Notice of the allowance of the report was sent to the attorneys of record on October 24,1984.
Dist/Mun. Cts. R. Civ. P., Rule 64 (f) provides that within 15 days after notice of the allowance of a report, the party seeking the report shall file five additional copies of the report, as allowed, with the clerk, to be forwarded to the presiding justice of the appropriate appellate division. These reports were not received by this division until July 31,1985, approximately eight months beyond the 15 day period.
The report states that “The Court, as the request of the plaintiff, made the following Rulings: (attached herewith are the Rulings made by the Court.)” However, no rulings were in fact attached to the report. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2) requires the inclusion in a report of the rulings upon which an appeal is premised and all other materials essential to a full understanding of the questions presented. This division is bound by the contents of the report and may not consider matters not set forth or summarized therein. The appellate division cannot review what is not presented in the report and the omission from the report of the trial judge’s rulings of law renders such report totally deficient in content. Brooks v. Hautala, 1984 Mass. App. Div. 254, 255.
Dist/Mun. Cts. R. Civ. P., Rule 64(f) also provides that within the 15 day period after the allowance of the report the parties shall file briefs. No briefs were ever filed. No request for enlargement of the time for filing briefs was filed with the appellate division and the appellant has failed to demonstrate good cause for his failure to file a brief.
The appellate division need not pass upon questions or issues not argued in briefs. Abramowitz v. DiFabio, 1984 Mass. App. Div. 144; Fortier v. Coady Corporation, 1984 Mass. App. Div. 266, 267. It is particularly appropriate not to pass upon questions or issues when the report does not contain the ruling or rulings by which the appellant claims to be aggrieved.
*8 Therefore, we conclude that the appellant’s (plaintiffs) failure to comply with said Rule 64 (c)(2) and Rule 64 (f) is a lack of prosecution of the appeal resulting in a required dismissal of the same. Hence, the report be and is hereby dismissed.

So ordered.