Dolan, J.
This is an action brought by tenants against their landlord for negligence, breach of the warranty of habitability, and breach of the covenant of quiet enjoyment. On December 14,1984, the waterbed of an upstairs tenant broke causing flooding and water damage in plaintiffs’ first floor apartment. The upstairs tenant, also a party to the action, is not involved in this appeal. The defendant landlord denied liability and the trial judge found for the defendant landlord.
The appellants (plaintiffs), claiming to be aggrieved, filed a draft report which was allowed by the trial judge. The report contains certain evidence presented at trial and refers to attached requests for rulings of law, attached findings and rulings, and attached complaint and answer, all of which are *168 incorporated by reference. However, there were no attachments to the report. Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2), requires the inclusion in a report of the rulings upon which an appeal is premised and all other materials essential to a full understanding of the questions presented. This division is bound by the contents of the report and may not consider matters not set forth or summarized therein. The appellate division cannot review what is not presented in the report and the omission from the report of the trial judge’s findings and rulings of law renders such report fatally deficient in content. Brooks v. Hautala, 1984 Mass. App. Div. 254, 255., Reynolds v. Pinto, 1986 Mass. App. Div. 7.
The appellants failure to comply with said Rule 64 (c)(2) is a lack of prosecution of the appeal resulting in a required dismissal of the same. Hence, the report be and is hereby dismissed.
At oral argument, appellants offered to this division a copy of their requests for rulings of law, and the findings and rulings of the trialjudge. This division did not have an opportunity to review these documents and the law of the case prior to oral argument. We do not consider an offer at oral argument of copies of purported attachments to the report to be substantial compliance with Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2). However, even if the attachments had been included with the report, the decision to dismiss the report would be the same.
The judge found that the plaintiffs were tenants of defendant and were paying rent in the amount of $40.00 per week. As a result of the waterbed problem, plaintiffs suffered water damage to their personal belongings as well as water stains to the ceilings and walls of their apartment. The power to plaintiffs’ apartment was shut off for four hours as a safety measure, they lost the use of their telephone for approximately eight hours and they were without heat for approximately two to three hours. At no time were they unable to occupy their apartment. The defendant repaired the bathroom ceiling and made arrangements for the painting of the ceilings and repair of the wallpaper. Certain repairs were made to plaintiffs’ bathroom in October, 1985.
The judge allowed ten of plaintiffs’ eleven requested rulings of law. The one request denied was properly denied as the request was a mixed request of law and fact. The plaintiffs’ claim to be aggrieved not by the rulings of law which generally related to the duties of landlords with respect to the condition of residential real estate, but by the alleged inconsistencies between those rulings and the findings of the court, and with the evidence presented at trial. We observed no apparent inconsistencies. Although plaintiffs’ suffered water damage, a trial judge is given broad discretion to determine whether the resulting damage constitutes a material breach of a landlord’s obligations. Isolated defects may be found not to constitute such a breach. McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977). Although certain repairs were not made until October, 1985, neither the findings nor the evidence contained in the report indicated the nature or extent of those repairs. In any event, the proper procedure to correct an alleged inconsistency is a motion to correct the findings, or a motion'for a new trial, addressed to the trialjudge. It is only after the trialjudge has had an opportunity to review the alleged inconsistency that an appellant has a right of appeal to the appellate division. The appellants would have waived their right to appellate consideration of this question by failing to utilize the proper remedy. Mitchell v. Commonwealth of Massachusetts, 1978 Mass. App. Div. 37, 44-45.
Report Dismissed.