Dolan, J.
This is an action in which the plaintiff seeks to recover from the defendants on three counts. The first count is on a written contract under the terms of which plaintiff would supervise the construction of defendants’ new home. The second count is on a written contract under the terms of which plaintiff would provide his personal labor in certain aspects of the construction of that home. The third count is on a quantum meruit for labor and materials furnished in the construction of that home. The trial court found for the plaintiff on his first count and awarded damages in the amount of $12,000.00. The trial court also found for the plaintiff on his second count and awarded damages in the amount of $509.00. As a result of the findings on the first and second counts, the trial court deemed the third count to be waived. The defendants appealed to this division from the adverse findings against them.
Defendants counterclaimed for breach of contract, fraud, deceit, and for violations of G.L. c. 93A. The trial court found for the defendants on their counterclaim for breach of contract and awarded damages of $1,150.00. The trial court also found for the defendants on their counterclaim for violations of G.L. c. 93A and awarded triple damages of $75.00 and an attorney’s fee of $1,200.00. The trial court dismissed the counterclaims for fraud and deceit on their merits. No appeal was taken from the decision of the trial court on defendants’ counterclaims.
In January of 1985, the parties entered a written contract which provided that plaintiff would act as a professional building superintendent to supervise the construction of the defendants’ home. By virtue of the contract, plaintiff assumed the responsibility of recommending suitable tradesmen for the work. Plaintiff was to receive 15 percent of the gross amount paid to tradesmen for *199 his supervision, ¡and $15.00 per hour for his personal labor in the construction of the home. Plaintiff assured defendants before the signing of the contract that he would be working only on their home in order to give it his full attention.
In late June, 1985, disputes arose between the parties. Defendants then discharged a tradesman selected by plaintiff after the tradesman had begun work. The court found that this was a breach of contract by defendants. From this point on, plaintiff performed no more work under the contract. The court awarded plaintiff damages for breach of contract in the amount of $12,000.00. The court also awarded plaintiff damages in the amount of $509.00 for personal labor provided by plaintiff in the-construction of the home.
Defendants filed several requests for rulings of law designed to challenge the sufficiency of plaintiffs evidence as a matter of law.[2] In substance, defendants argue that the findings of the trial court in their favor on their counterclaims require a finding for them on plaintiffs claims.
. The trial court found that plaintiff violated G.L. c. 93A as a result of his representation to defendants that he would give his full attention to the construction of their home. At the time of that representation, plaintiff was actually working on another home and continued that work during the period that he was under contract to the defendants. The trial court determined that plaintiffs failure to disclose that he was working on another home at the time he entered into the agreement with defendants was a violation of G.L. c.93A because such disclosure might have influenced defendants not to enter-into the contract. Homsi v. C.H. Babb Co., Inc., 10 Mass. App. Ct. 474, 479 (1980). No actual damages were assessed for this violation of G.L. C.93A.
In some circumstances, a false representation of a present intention to perform a promise would warrant the rescission of a contract for fraud in its inducement under .traditional contract or tort theories. However, such deception cannot be inferred from mere nonperformance of that promise. To-warrant rescission under traditional theories of law, there must have been an intention on plaintiffs part not to perform his promise at the time he itiade his promise. Commonwealth v. True, 16 Mass. App. Ct. 709, 711 (1983). The trial court made no such finding. There was also no evidence or finding that plaintiff could not have completed work on the other home prior to his beginning work on defendants’ home. While plaintiffs work on the other home was a deviation from the contract, the trial court found that it did not detract from plaintiffs performance of his duties to defendants.
G.L. c. 93A was intended as a new remedy to address abuses in commercial contracts which might otherwise elude redress under traditional contract and tort theories. Such relief is in addition to, and not an alternative to, traditional tort and contract remedies. Linthicum v. Archambault, 379 Mass. 381, 383 (1979). We find no error in the trial court’s determination that plaintiff committed a violation of G.L. c. 93A, but that such violation did not warrant contract rescission.
The trial court found that plaintiff violated G.L. C.93A by failing to obtain *200 defendants’ approval of tradesmen selected by him prior to their doing work on defendants’ home. No actual damages were assessed as a result of this violation. In the contract action, defendants were deemed to have waived this provision by their conduct in paying tradesmen without voicing an objection to a lack of prior approval. We conclude that this G.L. C.93A violation does not preclude a finding for plaintiff on his contract claim.
The trial court found that there were some minor deviations and shortcomings in the work done under the supervision of plaintiff, but concluded that none were deliberate or material breaches of the contract. Defendants were awarded damages in the amount of $1,150.00 as recompense for these shortcomings. Because of the difficulty in obtaining perfection in construction contracts, imperfections or omissions may call for a diminution of the contract price, but do not preclude plaintiffs recovery so long as plaintiff proceeded in good faith in an effort to perform the contract, and that the result was substantial performance. Bowen v. Kivnbell, 203 Mass. 364, 370 (1909). The trial court found that plaintiffs deviations were not deliberate or material breaches so as to preclude his recovery. The findings for the plaintiff on his claims and for the defendants on their counterclaim are not inconsistent and we find no error.
Defendants argue in their brief that the trial court was in error in awarding plaintiff damages beyond the date of the termination of the contract. This issue is not properly before this division. The trial court allowed the following request for a ruling of law:
Even if full or substantial performance of a contract is wrongfully prevented by a defendant, the plaintiff is only entitled to recover the fair value of the work of materials furnished to that date pursuant to the contract.
To the extent that there is an alleged inconsistency between the trial court’s award of damages beyond the date of contract termination and a ruling of law, the proper procedure is a motion to the trial court to correct the findings, or a motion for a new trial. It is only after the trial court has had an opportunity to review the alleged inconsistency that an appellant has a right of appeal to the appellate division, Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153 (1951); Butts v. Boudreau, 1986 Mass. App. Div. 167, 168.
Defendants allege that three errors were made in the admission and exclusion of evidence. The first alleged error is the admission of a number of photographs of defendants’ home offered by plaintiff as evidence under his claim for quantum meruit. The short answer to this alleged error is that the claim for quantum meruit having been dismissed by the trial court, there is no prejudicial error.
The second alleged error is the exclusion of testimony by defendant Kathleen Kardos as to a telephone conversation with one Nancy Schmidt concerning the unavailability of the plaintiff to perform work under the contract. The evidence was excluded on the basis that there was insufficient evidence to establish an agency relationship between Nancy Schmidt and plaintiff James Schmidt. The testimony by defendant Kathleen Kardos to an alleged telephone conversation with Nancy Schmidt (who is not a party to this lawsuit) was hearsay testimony properly excluded unless there was at least some agency relationship between Nancy Schmidt and plaintiff James Schmidt. The report contains no such evidence, and we are left with only the similarity of surnames to determine an agency relationship. We rule that the similarity of surnames, standing alone, is insufficient to establish an agency relationship, and find no error. *201 The third alleged error is the exclusion of evidence of the amount paid by defendants to third persons to correct work which was allegedly done wrongfully by the plaintiff. Defendants testified that they discovered several construction defects that were made during the time plaintiff was supervising the construction of their home. The trial court found that plaintiff was responsible for some, but not all, of the alleged defects. The report contains no information that would connect the offered evidence to the defects found by the trial court. The report is insufficient for the review of this alleged error.
Report dismissed.

 defendants allege they are aggrieved by the action of the trial court on certain of their requests for rulings. These are:
• The evidence does not require a finding for the plaintiff on his complaint.
• The evidence does not warrant a finding for the plaintiff on his complaint.
• The evidence requires a finding that the plaintiff has not sustained his burden of proof.
• The evidence warrants a finding that the plaintiff has not sustained his burden of proof.
The trial judge ruled that while the evidence does not require a finding for the plaintiff on the complaint, such a finding is warranted. He declined to rule that plaintiff failed in his burden of proof. He further allowed those requests which seek a ruling that a finding is warranted in favor of the defendant and denied those requests which seek a ruling that a finding is required for the defendant.