Black, P.J.
This case involves an appeal from the allowance by the trial judge of a Motion for Late Filing of Draft Report filed by the defendants.
The underlying action was commenced in Norfolk Superior Court by the plaintiffs, Meir Yankelev, et ux., against the defendant, Steven J. Coletta, et ux., seeking to recover a twenty-five thousand dollar ($25,000.) deposit, with interest and costs, given by them as buyers under a certain residential purchase and sale agreement naming the defendants as sellers. The defendants’ answer alleged that the plaintiffs had failed to apply in good faith for a mortgage, and therefore, the plaintiffs were estopped from recovering the. deposit. They also asserted that the plaintiffs’ complaint failed to state a cause of action upon which relief could be granted. Finally, the defendants counterclaimed alleging, inter alia, breach of contract.
The case was remanded to the Dedham Division of the District Court Department where both parties filed a Motion for Summary J udgment, both of which were heard on November 17, 1987. On November 24,1987, judgment was entered in favor of the plaintiffs in the amount of $25,000, plus interest and costs. On December 3,1987, the defendants filed a Notice of Appeal. On December 11, 1987, the defendants filed a Request for Draft Report Hearing and a Draft Report. The filing failed to include a Certificate of Service, and service óf the same was not received by the plaintiffs, as required by Dist./Mun. Cts. R. Civ. P., Rule 64(c) (3). This fact was confirmed in the Affidavit of plaintiffs counsel. On December 22, 1987, the plaintiffs filed a Motion to Dismiss Draft Report and on the same date, the defendants filed a Motion for Late Filing of Draft Report pursuant to Rule 64(c) accompanied by a new Draft Report. The trial judge denied the plaintiffs Motion to Dismiss the Draft Report and allowed the defendant’s Motion for Late Filing of the Draft Report. The plaintiffs claimed to be ággrieved and prejudiced by the rulings for the following reasons:
1. The Defendants failed to timely file a Draft Report; and
2. The Defendants failed to timely file a Motion for late filing of a draft report; and
3. The Defendants failed to show excusable neglect sufficient to permit any “ extension for late filing of a draft report; and
*164 4. The original draft report file by Defendants failed to comply with the requirements of Mass. R. Civ. P. 64 (c) (2); and
5. The Defendants failed to comply with the requirements of Mass. R. Civ. P. 64 (c) (3) by failing to furnish copies of the original draft report to counsel for the adverse party;
Under Dist./Mun. Cts. R. Civ. P., Rule 64(c) (i) and (ii), requests for reports and draft reports “shall be filed with the clerk of the trial court within 10 days after entry of judgment.” But “[u]pon a showing of excusable neglect, the trial court may extend thetimeforfilingarequestforreport... for a period not to exceed 10 days” from the end of the first ten day period. “[A]n extension may be granted before or after the original ten day period has expired.” If a party requests an extension after the first ten day period expires, it must be done by motion with appropriate notice. Requests for reports are deemed included in draft reports filed within the period during which such requests for reports could have been filed. Dist./Mun. Cts. R. Civ. P., Rule 64(c) (2) specifies the form and content of draft reports. Form 33 prescribes the format, in detail.
Consequently, a party has a maximum of twenty days from the entry of judgment to file a draft report. Perhaps it should also be noted that under Dist./Mun. Cts. R. Civ. P., Rule 77(2) (a), “ [l]ack of notice of entry by the clerk does not affect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed, except as permitted in Rule 64fcl of these rules” (emphasis added). Hence, lack of notice is not a valid defense for failing to timely file the proper request for report and draft report. In this case, the defendants were obviously aware of the entry of judgment for the plaintiffs inasmuch as the Notice of Appeal was filed nine days thereafter.
It is clear from our previous holdings that the filing of a Notice of Appeal per se does not satisfy the requirement that the request for report be filed within ten days of the entry of judgment from which the party seeks to appeal. (Nickerson Lumber Company v. Cobb., 1981 Mass. App. Div. 193). While we recently held that a Motion to Extend the time for Filing a Draft Report was the functional equivalent of a request for a report (Bessie Slkavin d/b/a/ Summit Realty Trust v. Brookline Rent Control and Barry Myers, 1988 Mass. App. Div. [1]), we should hasten to add that we do not view a Notice of Appeal in the same light. Dist./Mun. Cts. R. Civ. R, Rule 64(c) (i) and (ii) make no provision for late filing of the request for report or the draft report. Failure to comply with the ten day time requirement prescribed by the rule forfeits the party’s right of appeal (Marquis v. Galasti, 1982 Mass. App. Div. 218, 219). We do not regard the failure to file a timely request for a report as a relatively innocuous or inconsequential misstep (Cape Cod Bank and Trust Company v. Letendre, 384 Mass. 461, 485 (1981) ), but rather, the heart of the process provided for the appellate review of judicial decisions (Donovan v. Berkshire Gas Company, et. al., 1984 Mass. App. Div. 109, 110). Such a failure is clearly a serious breach which is inimical to the scheme of orderly appellate review (Lipton v. Parker, 1982 Mass. App. Div. 3, 6). On the other hand, the defendants’failure to furnish a copy of the draft report to opposing counsel, by itself, is probably not such a significant breach of the rule as would'require forfeiture of their right of appeal.
It should also be noted that the defendants argue that the Notice of Appeal “had the same effect” as a Rule 59(e) Motion to Amend or Alter the Judgment. *165 Under Rule 64 (c) (1) (iii), a Rule 59(e) motion tolls the running of time to file a draft report. In this connection, the defendants cite Pentucket Manor Chronic Hospital v. Rate Setting Commission, 394 Mass. 233 (1985) in support of their argument. In that case, the court addressed the question as to whether a motion to vacate, if served within ten days of judgment, should be treated as a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from judgment. The court concluded that it was a Rule 59(e) motion and noted “[w]here doubt exists as to the proper characterization of a post judgment motion,. .. courts [may] simply treat all timely-filed motions which call into question the correctness of ajudgment as Rule 59(e) motions.” In this case, however, no doubt exists about the nature of the defendants’ Notice of Appeal. The defendants clearly state in the notice their intent to appeal their case to the Appellate Division. Therefore, no reason exists for treating the notice as a Rule 59(e) motion.
In conclusion, the trial judge was without authority to extend the time for filing of the draft report because of the defendants failure to file their request for a report within ten days of the entry of judgment. (Locke v. Slater, 387 Mass. 682, 685 (1982), Barry v. Connolly, 396 Mass. 1007 (1985) ). Therefore, the plaintiffs’ Motion to Dismiss Draft Report should have been allowed. The allowance of the defendant’s motion for Late Filing of Draft Report is vacated and the summaryjudgment entered by the trial judge on November 24,1987, in the plaintiffs favor for $25,000, plus interest and costs is ordered to stand.

Certified August , -1988.