McGuane, J.
The questions presented for our consideration arise out of consolidated actions of tort in which the plaintiffs, husband and wife, were awarded damages for personal injuries sustained in an automobile accident. The defendants challenge this award of damages on the grounds that it was disproportionate to the injuries proven. The plaintiffs cross-appeal, alleging that the trial court abused its discretion in permitting the late filing of the defendants’ original draft report.
On January 18,1986, while driving along Route 20 to Worcester, the plaintiffs’ vehicle was struck by the defendants’ tractor. Both Mr. and Mrs. Farland were transported to the hospital following the collision. They were both discharged later that day. The discharge diagnosis for Mrs. Farland reads as follows: “Contusions — face, sprained wrist, epigastric mass, unrelated to trauma, question hepatosplenomegaly.” Following the accident, she developed a significant eye injury and later underwent extracapsular cataract surgery. Mrs. Farland also complained of neck, shoulder, and back pain, for which she sought chiropractic treatment and underwent physical therapy. At trial, she testified that during the two to three month period in which she received treatment for these injuries, she was never symptom free. She also testified *77 that she no longer experienced any difficulty with her vision as a result of the eye injury, and that her visual acuity is now comparable to that before the accident. She stated, however, that she continues intermittently to experience lower back pain which keeps her from taking part in activities in which she used to engage prior to the accident. Mrs. Farland’s lost wages amount to approximately $100.00 for the two week period for which she was out of work. Her medical bills total $5,408.77. The trial court awarded her $61,000.00 plus interest of $14,030.00 and costs of $76.84.
Mr. Farland complained of wrist, knee, and back pain upon arrival at the hospital following the accident. A cast was laster applied to his right wrist which he wore intermittently for a period of two to three weeks. He also suffered from neck pain, and sought treatment for his injuries from a chiropractor. He too underwent physical therapy. At trial, Mr. Farland testified that his neck and back had improved, but believed that his injuries (left and right wrist, knee, neck and shoulder pain), were permanent. He suffers considerable pain during his practice as an optometrist. A doctor testified at trial that the prognosis for Mr. Farland’s complete recovery is poor. Mr. Farland’s lost wages amount to approximately $1,050.00. His medical bills total $3,381.92. The trial court awarded him $76,000.00 plus interest of $19,760.00 and costs of $75.66.
We will first address the issue of the late filing “so-called” of defendant draft report. If the court erred in allowing the late filing that will be dispositive of this case.
Rule 64 (c) (i) (ii) and (iii) of the District and Municipal Courts Rules of Civil Procedure draft reports must be filed within 10 days of the entry of judgment or of certain post-judgment motions.
From all the facts and other evidence, it appears that the 10 day period in this case began to run on June 9,1988. A draft report was mailed June22,1988 and received on June 23,1988, some 13 days after the critical date. On July 6, 1988, the defendant filed a motion for late filing of draft report some 27 days after the critical date.
The allowance of late filing of a draft report by the trial judge was clearly in error. The trial judge was without authority to extend the time for filing the report. Locke v. Slater, 387 Mass. 682.
Since the request for a report was not within the time required by the rule, nor the motion for late filing being within the required time, the Court was without authority to allow the report.
While we need not reach the second issue on appeal, we hold that the damages awarded were disproportionate to the injuries proven. From the report, the trial judge took extensive evidence on the damages suffered by the plaintiffs and was well within proper boundaries in that the damages awarded were not excessive or an abuse of discretion especially in view of the facts that both plaintiffs suffered permanent disabilities.
There being error in this matter, it is remanded to the District Court where the judgment of the District Court is to be confirmed.