Dolan, PJ.
Plaintiff brought this action, pro se, alleging that defendant made false statements to a jury that resulted in a wrongful decision against him. Defendant’s motion for summary judgment was allowed and plaintiff filed a draft report The trial judge ordered the report dismissed and stricken, and plaintiff filed a petition to establish the report The petition is denied because the draft report does not contain all essential material and because the draft report was not timely filed.[1]
Dist./Mun. Cts. R. Civ. P., Rule 56 provides that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” A review oftheentryofsummaryjudgmentrequires that all materials which were relied on by the motion judge must be examined by this division. The draft report does not include any of materials available to the motion judge. The draft report refers to a transcript and other documents, none of which are contained within the draft report This division cannotreview what is not presented in thereport Brooks v. Hautala, 1984 Mass. App. Div. 254. The omission from the report of the documents relied on by the motion judge renders such report fatally deficient in content Butts v. Boudreau, 1986 Mass. App. Div. 167, 168.
Rule 64 (c) requires that requests for reports be filed with the clerk of the trial court within 10 days after entry of judgment In this case, judgment entered on December 12,1989 when the motion for summary judgmentwas allowed. Plaintiff’s draft report was filed January 30,1990, more than 10 days after entry of judgment
Petition denied.

 In the circumstances of this case, the motion judge could have both dismissed and denied the draft report. We need not consider the differences.