Toomey, J.
Plaintiff, Gerald W. Clemente (“Cle-mente”) is a prisoner in the custody of the Massachusetts Department of Correction (“DOC”). Clemente contends that, while formerly in protective custody at the Massachusetts Correctional Institution, Concord (“MCI-Concord”), his constitutional and statutory rights were violated because he was denied access to programs available to the general prison population from which he could earn good conduct credits. Defendants, who filed a motion to dismiss, or, alternatively for summary judgment, argue that Clemente is precluded from asserting his claim by the doctrines of res judicata and collateral estoppel. For the reasons set forth below, the defendants’ motion for summary judgment must be allowed.
FACTS
On March 18, 1986, Clemente was convicted, received a thirty- to forty-year state prison sentence, and was placed in protective custody in the Special Housing Unit (“SHU") at MCI-Concord until December 19, 1989.[2] Clemente maintains that while in the SHU, he was held in “daily twenty-four-hour lock up” during a “lengthy period” and was denied access to a job, educational programs, and other programs to which inmates in the general population were granted access. As a result, Clemente argues that he did not earn good conduct credits which he might have earned had he satisfactorily participated in such approved activities. On December 19, 1989, Clemente was transferred to the Hampshire County House of Correction (“Hampshire”), where he was no longer held in protective custody, but was housed in a section for inmates with placement problems.
On November 9, 1992, Clemente brought a pro se complaint to the Middlesex Superior Court (See, Mid-dlesex Civil Action No. 92-7296), alleging violations of his constitutional and statutory rights in addition to violations of an agreement (“Blaney Agreement”) that was part of the final judgment in the case of Blaney v. Commissioner of Correction, 374 Mass. 337 (1978). (See, plaintiffs Exhibit 1.) Clemente sought declaratory judgments ruling that defendants’ conduct at MCI-Concord and Hampshire: (1) denied him equal protection under the Constitution of the United States; (2) violated his rights under G.L.c. 127, Sec. 129D; (3) violated his rights under 103 CMR 411; (4) failed to comply with the standards concerning protective custody inmates set forth by the court in Blaney; and (5) entitles him to receive 465 days credit pursuant to G.L.c. 127, Sec. 129D. (See, Middlesex Civil Action No. 92-7296, plaintiffs complaint pages 3-4.)
On May 24, 1993, pursuant to Mass.R.Civ.P. 12(b)(6), Judge O’Toole ordered that Clemente’s action be dismissed as to his claims regarding the conditions of his confinement while in protective custody from March 18, 1986 through December 19, 1989. Judge O’Toole held that by the terms of the Blaney Agreement, Clemente was required to seek administrative redress regarding the conditions of his confinement before filing his complaint with the court. (See, Mid-dlesex Civil Action No. 92-7296, Memorandum of Decision and Order on Defendants’ Motion to Dismiss or for Summary Judgment, pages 4-6.) Because Cle-mente did not allege that the protective custody administrator nor any other DOC employee was notified of his claims before he commenced his action in Middlesex Superior Court, Judge O’Toole dismissed Clemente’s claim.
Subsequently, on June 14, 1993, Clemente filed a Motion to Reconsider. In that motion, Clemente alleged that during the period of his protective custody at MCI-Concord, “at no time was a protective custody administrator in place.” Moreover, with respect to the Blaney Agreement, Clemente argued that he was never provided with any notice of the Blaney Agreement/decision. (See, Middlesex Civil Action No. 92-7296, Plaintiffs Motion to Reconsider the Memorandum of Decision and Order on Defendants’ Motion to Dismiss or Summary Judgment.) On June 30, 1993, Judge O'Toole denied Clemente’s Motion to Reconsider.
Clemente then filed a new complaint for civil contempt with the Supreme Judicial Court which, on July 7, 1993, pursuant to G.L.c. 211, Sec. 4A, transferred the case to the Superior Court Department of the Trial *144 Court for the County of Worcester for disposition. (See, Supreme Judicial Court for Suffolk County, No. SJ-93-0263.) The transferred complaint is that with which we deal today.
In his present complaint for civil contempt, Cle-mente: (1) joined Paul DiPaulo, Superintendent, MCI-Concord, as an additional party; (2) requests a summons and order directing defendants personally to appear and to comply with the terms of the Blaney Agreement; (3) seeks a credit of 465 days for the good time credits he earned and the sum of $1,350.00 as a result of defendants’ contempt; (4) seeks damages in the amount of $100.00 per day for the “hard time” he endured because of defendants alleged failure to follow the terms of the Blaney Agreement; (5) requests an order (a) finding defendants in civil contempt of the “Judgment” pursuant to Mass.R.Civ.P. 65.3, (b) substantially fining them, and (c) ordering them to comply with all terms and conditions of the “Judgment” by appointing an administrator; (6) seeks appointment of counsel from the Massachusetts Correctional Legal Services to represent him and other members of the Blaney class confined at MCI-Concord; and (7) requests imposition of such sanctions and relief as this Court deems just and equitable. (See, Plaintiffs Complaint for Civil Contempt, pages 6-7.)
DISCUSSION
This court will treat the defendants’ “Motion to Dismiss, or alternatively for Summary Judgment” as a motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The doctrine of res judicata provides that a judgment in a prior action precludes subsequent litigation when the two cases involve: (1) the same parties; (2) a final judgment on the merits by a court of competent jurisdiction; and (3) the same cause of action. Bradford v. Richards, 11 Mass.App.Ct. 595, 597 (1981), Wright Machine Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974) (the doctrine of res judicata is founded on the necessity for finality in litigation). At bar, all three preconditions to res judicata are met.
I.The Same Parties
In order to meet the requirement of identity, both the plaintiff and defendant in the two actions must be identical. Bradford, supra at 597. In his subsequent complaint, Clemente names only Paul DiPaulo, Superintendent, MCI-Concord, as an additional party to the action. That addition does not erode the basic identity of the parties because, “A judgment in a suit between a party and a representative of . . . [the government] ... is held to be res judicata of the same issue between that party and another officer of the government.” Walsh v. Intern Longshoremen's Ass’n, AFL-CIO, 630 F.2d 864, 870 (1st. Cir. 1980) (citing Sunshine Anthracite Co. v. Adkin, 310 U.S. 381, 402-03 (1940)). Thus, the Middlesex action and the Worcester action both involve the same parties.
II.Judgment on the Merits by a Court of Competent Jurisdiction
Res judicata applies only if the prior judgment was a final determination of the claim. Bradford v. Richards, 11 Mass.App.Ct. 595, 597 (1981); Hacker v. Beck, 325 Mass. 594, 597 (1950). Judge O'Toole treated the defendants’ Motion to Dismiss, or Alternatively for Summary Judgment, as a motion to dismiss under Mass.RCiv.P. 12(b)(6). A judgment of dismissal for failure to state a claim under Massachusetts Rule of Civil Procedure 12(b)(6) is a final judgment under Massachusetts law. Bacon v. Best Foods, Div. of C.P.C. Intern., Inc., 412 F.Supp. 15, 17 (D.Mass. 1976). Therefore, the dismissal of Clemente’s prior claim was a final judgment.
III.Commonality of Causes of Actions
Res judicata precludes all claims and defenses that could have been raised by the cause of action in the original suit. Bradford v. Richards, 11 Mass.App.Ct. 595, 597 (1981). Although Clemente does ask for more remedies with respect to his MCI-Concord claim in the instant case than he did in the prior case, the dispos-itive issues are identical. See, MacKintosh v. Chambers, 285 Mass. 594, 598-99 (1934) (the dimensions of a cause of action are determined not by the particular form of pleading used or the type of relief demanded, but by the substantive rights sought to be determined). To permit Clemente to proceed in the case at bar based only on a different articulation of remedies sought would constitute an elevation of form over substance. Fassas v. First Bank & Trust Co. of Chelmsford, 353 Mass. 628, 629-30 (1969) (the essential question is whether both suits are founded upon a violation of the same legal rights). The causes of action are indistinguishable.
ORDER
It is, therefore, ORDERED that the defendants’ motion to dismiss, or, alternatively for summary judgment (treated here as a motion for summary judgment) be ALLOWED.

 According to the defendants' brief, Clemente is a retired police officer who was placed in protective custody to ensure his safety.