Hurley, J.
The plaintiff appeals from a finding for the defendant after trial and denial of his Motion to Correct Inconsistencies and Motion for New Trial. The appeal comes before us on an Agreed Statement of the Case pursuant to Dist./ Mun. Cts. R. A. D. A, Rule 8B.
This action was commenced to recover monies paid by the plaintiff to the defendant. The defendant was the president, principal stockholder and a director of a corporation formed to engage in the restaurant business. The plaintiff was introduced to the defendant as a person who might be interested in investing in the restaurant. The initial contact and advance of money occurred within a couple of months of the restaurant opening for business. The first payment was by check payable to the corporation with the notation “loan.” Approximately three weeks after the first payment, a second payment was made. This payment, also by check, was payable to the restaurant and had the notation “loan” on the face of the check. The business closed some four months later. Approximately 25% of the money advanced was returned to the plaintiff. There is a dispute as to the character of the monies advanced, whether loan or equity investment, and further dispute about whether a notation concerning the 25% repayment was on the check at the time of delivery. After trial the trial judge found that the payments made by the plaintiff were loans to the corporation. Additionally the trial judge found that the defendant is not personally liable to the plaintiff for those loans.
The plaintiff’s position is that the trial judge was in error when he found that the defendant is not personally liable for the loans to the corporation. Paragraph 22 of the Statement of Facts states, “All the assets and leasehold interest of J.R. North Enterprises, Inc. were sold on November 19, 1987 for $60,000.00. There was no evidence of any formal notice, meeting or vote to dissolve the corporation or distribute a liquidation dividend.”
*103 The record on appeal presents the trial judge’s findings and his action on the plaintiffs four requests for rulings. The record, however, does not contain the plaintiffs requests for rulings of law. Based on the record before us, the judgment is not inconsistent with the “Statement of Facts” submitted as a part of the Agreed Statement of the Case pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8B.
The evidence reported supports the judge’s decision. The plaintiff argues that the corporation was rendered insolvent by the actions of the defendant and that the liquidating dividend was paid out of the proceeds of the sale of all of the corporate assets. The plaintiff does not contest the finding by the trial judge that the monies were loans to the corporation, but takes the position that the determination that the defendant as a director of the corporation is not personally liable is in error.
The defendant argues that there was evidence before the trial judge, recited in the statement of facts, that the loans made by the plaintiff were intended to be converted into an equity position in the corporation. This evidence would support the argument that at the time of the sale of the corporate assets, the plaintiff was no longer a creditor of the corporation, but a shareholder. There was also evidence that the plaintiff had not been issued stock in the corporation because he had not completed payment of the total investment.
Since the requests for rulings are not before us, there is no basis to determine on this record whether there was error. The trial judge’s denial of the motion for new trial, essentially raising the same issue, is likewise affected by the incomplete record before us. In cases decided in proceedings governed by Dist./Mun. Cts. R. Civ. R, Rule 64, failure to include in the Report the requests for rulings and rulings thereon have been determined to be fatal to appellate review. See Butts v. Boudreau, 1986 Mass. App. Div. 167 and Brooks v. Hantala, 1984 Mass. App. Div. 254. Based on the record presented, the findings by the trial judge and the denial of the motion for a new trial are supported by the “Statement of Facts.”
The appeal is dismissed.